529 S.E.2d 543

**Vernon STAUBES, Respondent,**

v.

**CITY OF FOLLY BEACH, Petitioner.**

**No. 25089.**

Supreme Court of South Carolina.

Heard Jan. 20, 2000.

Decided March 20, 2000.

James E. Reeves and Wendy J. Keefer, both of Barnwell Whaley Patterson & Helms, LLC, of Charleston, for petitioner.

Timothy A. Domin, of Clawson & Staubes, of Charleston, for respondent.

WALLER, Justice:

We granted a writ of certiorari to review the Court of Appeals' opinion in *Staubes v. City of Folly Beach,* 331 S.C. 192, 500 S.E.2d 160 (Ct.App.1998). We affirm.

## FACTS

Respondent Vernon Staubes owns a two-story rental apartment building in Folly Beach. The property was damaged in 1989 by Hurricane Hugo. Staubes obtained a permit to repair his building from petitioner, the City of Folly Beach (the City). In Folly Beach, if the cost to repair a property's damage exceeded fifty percent of the property's market value before the damage, then repairs were not allowed unless new construction requirements were met. After an inspection by an engineer who found that the building's structural damage exceeded fifty percent of its value, the City revoked the permit and issued a condemnation order. Although Staubes obtained another permit from the County of Charleston, this permit was also revoked when the County discovered the City's revocation of the first permit.

Staubes appealed the revocation of the building permit to the City's Zoning Board and to the circuit court, but the City's decision was affirmed. The Court of Appeals, however, held that the City had abused its discretion by revoking the permit. The Court of Appeals found that the Zoning Board had based

its decision on the structural damage of the building rather than the cost of repair. Further, because Staubes had presented three estimates that the cost of repair was less than fifty percent of the building's pre-Hugo market value, the Court of Appeals decided that the City should not have revoked the permit. *Staubes v. City of Folly Beach,* Op. No. 94–UP–138 (S.C.Ct.App. filed April 27, 1994), *cert. dismissed as improvidently granted,* Op. No. 95–MO–209 (S.C.Sup.Ct. filed June 14, 1995).

After this Court dismissed certiorari, Staubes filed the instant litigation against the City. Staubes alleged in his complaint that the City "improperly and without justification" revoked his permit and that the Zoning Board had acted beyond its authority in upholding the City's decision. Staubes alleged that the City's actions resulted in a temporary unconstitutional taking of his property and he sought damages for the loss of use of the property. In its answer, the City denied the substantive allegations and raised affirmative defenses, including that Staubes' claim was barred and/or limited by the South Carolina Tort Claims Act.[1]

Both parties moved for summary judgment. At the motions hearing, Staubes argued first and discussed the issue of temporary taking. The City then argued in response, but interspersed with its constitutional arguments, the City argued that Staubes was trying to bring a negligence claim against the City based on the actions of the Zoning Board. The City asserted to the trial court that Staubes could not bring a negligence action because it would be barred under the Tort Claims Act.

Staubes acknowledged that in his complaint he pled his claim as a taking action, but he requested leave to amend the complaint to add a negligence claim. The City objected to Staubes' motion to amend. The trial court did not respond specifically to either Staubes' request to amend or the City's objection to amendment. However, in its order granting summary judgment for the City, the trial court addressed the negligence claim.[2] The trial court stated that "[a]s a practical

---

1. *See* S.C.Code Ann. § 15–78–10 to –200 (Supp.1999).

2. Additionally, the trial court found no taking and no deprivation of due process.

matter what Plaintiff is claiming is a negligence cause of action against Folly Beach. The problem with this claim is that it is barred by the South Carolina Tort Claims Act." The trial court listed four applicable exceptions to the waiver of sovereign immunity and concluded it could not allow a negligence cause of action which was "so clearly barred" by the Tort Claims Act.[3]

Staubes appealed. In addition to his arguments on the constitutional issues, Staubes argued that the trial court erred in granting summary judgment on his claim for negligence. Specifically, Staubes argued that under the licensing powers exception, he could maintain a negligence claim if he proved gross negligence. *See* S.C.Code Ann. § 15–78–60(12) (Supp. 1999). In its brief to the Court of Appeals, the City contended that the trial court "correctly saw [Staubes'] claim for what it was—a negligence claim against Folly Beach," and that the trial court correctly granted summary judgment.

Although the Court of Appeals affirmed summary judgment on the taking and due process issues, the Court of Appeals found that there were material issues of fact surrounding whether the City was grossly negligent in revoking the building permit. Thus, the Court of Appeals reversed the grant of summary judgment on the negligence claim. The Court of Appeals did not address the fact that negligence had not been specifically pled in the complaint.

In its petition for rehearing, the City argued—for the first time—that a negligence claim was not pled by Staubes and was not ruled upon by the trial court, and therefore, the Court of Appeals should not have addressed the negligence issue. The City also argued that certain exceptions under the Tort Claims Act rendered the City immune from liability. The Court of Appeals denied the petition for rehearing, and the City now raises the same arguments to this Court.

## ISSUES

1. Did the Court of Appeals err in addressing the negligence claim because it was not preserved for appellate review?

---

**3.** The trial court cited subsections (1), (2), (12) and (13) of S.C.Code Ann. § 15–78–60 (Supp.1999).

2. Did the Court of Appeals err in reversing summary judgment on the negligence claim under a "gross negligence" exception to the Tort Claims Act when other applicable exceptions appear to provide absolute immunity?

## DISCUSSION

### 1. Preservation of Issue for Appellate Review

■ The City contends that Staubes did not plead a negligence cause of action in his complaint and the trial court did not rule on Staubes' motion to amend the complaint. Thus, the City maintains that the negligence claim was not properly preserved for appellate review and the Court of Appeals erred in addressing this issue.

■ It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review. *E.g., Creech v. South Carolina Wildlife and Marine Resources Dep't*, 328 S.C. 24, 491 S.E.2d 571 (1997). Error preservation requirements are intended "to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments." *I'On v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000); *see also State v. Nelson*, 331 S.C. 1, 5 n. 6, 501 S.E.2d 716, 718 n. 6 (1998) ("the ultimate goal behind preservation of error rules is to insure that an issue raised on appeal has first been addressed to and ruled on by the trial court."); 4 C.J.S. *Appeal and Error* § 213 (1993) ("At the very least, the matter must have definitely been called to the attention of the trial court sufficiently to obtain a ruling thereon."). Without an initial ruling by the trial court, a reviewing court simply would not be able to evaluate whether the trial court committed error.

The issue in the instant case is whether a negligence claim was effectively raised and ruled upon for purposes of summary judgment. If so, then the Court of Appeals did not err in addressing this issue. The City argues that because the negligence claim was not pled it was not raised to the trial court. Moreover, the City contends that the trial court never ruled on a negligence claim. We disagree.

We note initially that negligence was not expressly pled in the complaint. However, this does not establish that it was not raised to the trial court. Indeed, the negligence claim was definitely raised to the trial court at the summary judgment hearing, and significantly, the City itself first raised the issue. After the City suggested that Staubes was actually bringing a negligence claim, the parties and the trial court treated the motion for summary judgment as one involving both a taking claim and a negligence claim. Therefore, we believe that the existence of a negligence claim was clearly raised to the trial court.

In the order granting summary judgment, the trial court explicitly addressed "a negligence cause of action against Folly Beach." Finding such an action barred by the Tort Claims Act, the trial court granted summary judgment on this claim. Consequently, the trial court ruled on the negligence claim.

■ Nonetheless, the City argues that this issue is unpreserved because the trial court did not rule on Staubes' motion to amend his complaint. The City also contends that it was incumbent upon Staubes to request a ruling on the motion to amend in a Rule 59(e), SCRCP, motion to alter or amend a judgment.

■ Amendments of pleadings are controlled by Rule 15, SCRCP. Under this rule, a party may amend his pleading by leave of court and "leave shall be freely given when justice so requires and does not prejudice any other party." Rule 15(a), SCRCP. The prejudice envisioned by Rule 15 is a lack of notice that the new issue is going to be tried, and a lack of opportunity to refute it. *Pool v. Pool*, 329 S.C. 324, 328–29, 494 S.E.2d 820, 823 (1998). Moreover, when issues are not raised by the pleadings but are "tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Rule 15(b), SCRCP. Thus, amendments of pleadings are allowed "even after judgment" to conform to the evidence presented at trial. *Id.; see also Kelly v. South Carolina Farm Bureau Mut. Ins. Co.*, 316 S.C. 319, 323, 450 S.E.2d 59, 62 (Ct.App.1994) ("Amendments to conform to the proof should be liberally allowed when no prejudice to the opposing party will result.").

There was no express ruling on Staubes' motion to amend. Nevertheless, by granting the motion for summary judgment on the negligence cause of action, the trial court obviously treated the complaint as if it had been amended. At the summary judgment hearing, the City was given full opportunity to argue on the negligence claim and effectively "answered" Staubes' allegations by asserting the Tort Claims Act as an affirmative defense. The City's arguments establish that it impliedly consented to the presentation of a negligence claim for purposes of summary judgment. Thus, based on the arguments raised by *both* parties at the summary judgment hearing, the trial court properly treated the negligence claim as if it had been raised in the pleadings. *Cf.* Rule 15(b), SCRCP (issues not raised by the pleadings but tried by consent of the parties shall be treated as if they had been raised in the pleadings).

Furthermore, we note that the City itself raised this issue by asserting that Staubes' claim was actually a negligence action.[4] Given this fact, the City cannot maintain that there was a lack of notice or a lack of opportunity to refute the negligence claim. *Pool v. Pool, supra.* Put simply, the City's own actions at the summary judgment hearing preclude any argument on appeal that it has been prejudiced by treating the pleadings as amended. *See Ex parte McMillan,* 319 S.C. 331, 461 S.E.2d 43 (1995) (by conceding at trial that the complaint was, in part, under the Tort Claims Act, the party could not argue on appeal that the case was not under the Tort Claims Act); *see also State v. Needs,* 333 S.C. 134, 152 n. 11, 508 S.E.2d 857, 866 n. 11 (1998) (a party may not complain about an error induced by the party's own conduct); *State v. Stroman,* 281 S.C. 508, 511, 316 S.E.2d 395, 397 (1984) (same).

■■■■ As to the City's argument that Staubes should have requested a specific ruling on his motion to amend, we find that a Rule 59(e), SCRCP, motion was not warranted under the circumstances of this case. First, as discussed above, the summary judgment order reflected that the trial court effec-

---

4. Indeed, even to the Court of Appeals the City continued to argue against the merits of the negligence claim. It was not until the City obtained an adverse ruling from the Court of Appeals that it raised an error preservation argument.

tively treated the pleadings as amended. Second, Staubes knew from the order that the trial court had decided to grant summary judgment for the City on any negligence claim he might raise. Thus, requesting permission to add a negligence claim to his complaint would have been futile. This Court does not require parties to engage in futile actions in order to preserve issues for appellate review. *See, e.g., State v. Bryant,* 316 S.C. 216, 220, 447 S.E.2d 852, 855 (1994) (where the Court found that it would have been futile to move to strike testimony which the trial court had already ruled was proper); *State v. Ross,* 272 S.C. 56, 60–61, 249 S.E.2d 159, 162 (1978) (once the court rules on an objection, counsel need not repeat the objection after each question).

Accordingly, we hold that the negligence claim was raised to and ruled upon by the trial court, and therefore, the Court of Appeals did not err in addressing the negligence claim. We emphasize, however, that it would have been more appropriate for the trial court to have expressly ruled on the motion to amend and allowed amendment of the pleadings before ruling on the negligence claim. On remand, the pleadings shall be amended as necessary to conform to the fact that the negligence claim was raised at the summary judgment hearing. *Kelly v. South Carolina Farm Bureau Mut. Ins. Co., supra.*

## 2. Reversal of Summary Judgment

■ The City also argues that the Court of Appeals erred in reversing summary judgment on the negligence claim. We disagree.

In the order granting summary judgment, the trial court cited four exemptions to the waiver of sovereign immunity which applied to bar a negligence claim against the City: subsections (1), (2), (12) and (13) of section 15–78–60.[5] The

---

5. Section 15–78–60 sets out 33 different exemptions to the waiver of sovereign immunity. The statute provides as follows in pertinent part:

The governmental entity is not liable for a loss resulting from:
(1) legislative, judicial, or quasi-judicial action or inaction;
(2) administrative action or inaction of a legislative, judicial, or quasi-judicial nature;
. . .
(12) licensing powers or functions including, but not limited to, the issuance, denial, suspension, renewal, or revocation of or failure or

Court of Appeals, however, reversed summary judgment, citing only section 15–78–60(12). This exception contains a gross negligence standard regarding the licensing powers of a governmental entity. The Court of Appeals found that there were material issues of fact because: (1) the City based its revocation of the permit on the building's structural damage rather than the cost of repair; (2) Staubes had submitted three estimates showing the cost of repair was less than fifty percent of the building's pre-Hugo value; (3) the City's actions were based on the opinion of an engineer not licensed to practice in South Carolina; and (4) the City offered "no affidavits or supporting materials suggesting its actions were reasonably consistent with accepted standards or otherwise in conformity with what a reasonable governmental entity would do under the circumstances." *Staubes*, 331 S.C. at 206, 500 S.E.2d at 168.

■ The Tort Claims Act provides that the State, its agencies, political subdivisions, and other governmental entities are "liable for their torts in the same manner and to the same extent as a private individual under like circumstances," subject to certain limitations and exemptions within the Act. S.C.Code Ann. § 15–78–40 (Supp.1999). Section 15–78–60 sets out "exceptions" to this waiver of sovereign immunity. S.C.Code Ann. § 15–78–60 (Supp.1999). These exceptions act as limitations on the liability of a governmental entity. The burden of establishing a limitation upon liability under the Tort Claims Act is upon the governmental entity asserting it as an affirmative defense. *Strange v. South Carolina Dep't of Highways and Pub. Transp.*, 314 S.C. 427, 445 S.E.2d 439 (1994).

---

refusal to issue, deny, suspend, renew, or revoke any permit, license, certificate, approval, registration, order, or similar authority *except when the power or function is exercised in a grossly negligent manner;*
(13) regulatory inspection powers or functions, including failure to make an inspection, or making an inadequate or negligent inspection, of any property to determine whether the property complies with or violates any law, regulation, code, or ordinance or contains a hazard to health or safety.
S.C.Code Ann. § 15–78–60 (Supp.1999) (emphasis added).

■ The City contends that while the exemption cited by the Court of Appeals contains a gross negligence standard, it has absolute immunity under the other exemptions cited by the trial court, specifically the inspection powers exception, section 15–78–60(13).

■ This same issue was recently decided in *Steinke v. South Carolina Dep't of Labor, Licensing and Regulation,* 336 S.C. 373, 520 S.E.2d 142 (1999). The Court found in *Steinke* that "when an exception containing the gross negligence standard applies, that same standard will be read into any other applicable exception." *Id.* at 398, 520 S.E.2d at 155. *Accord Duncan v. Hampton County School Dist. # 2,* 335 S.C. 535, 517 S.E.2d 449 (Ct.App.1999); *Jackson v. South Carolina Dep't of Corrections,* 301 S.C. 125, 390 S.E.2d 467 (Ct.App. 1989), *aff'd* 302 S.C. 519, 397 S.E.2d 377 (1990). Therefore, *Steinke* disposes of the City's argument in this case.

## CONCLUSION

We hold that the Court of Appeals did not err in addressing the negligence claim. On the merits, we affirm the Court of Appeals' decision to reverse summary judgment on the negligence cause of action.

**AFFIRMED.**

FINNEY, C.J., TOAL, MOORE, and BURNETT, JJ., concur.