THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Social Services, Respondent,
 v.
 Michelle T., Phillip W., and Jonathan T., Defendants,
 Of Whom Michelle T. and Phillip W. are the Appellants.
 In the Interests of: B.T. and J.W., both minor children under the age of 18.
 
 
 

Appeal From Anderson County
 Barry W. Knobel, Family Court Judge

Unpublished Opinion No. 2010-UP-230
 Submitted March 1, 2010  Filed April 1,
2010    

AFFIRMED

 
 
 
 C. Lance Sheek, of Greenwood, for Appellant Michelle T.
 Cameron G. Boggs, of Greenville, for Appellant Phillip W.
 Dottie Ingram, of Anderson, for Respondent.
 Rodney Wade Richey, of Greenville, Guardian Ad Litem.
 
 
 

PER CURIAM: This appeal arises from the termination of parental
 rights (TPR) of Michelle T. (Mother) to her minor children B.T. and J.W.
 (collectively Children) and Phillip W. (Father) to his minor child, J.W.     
 Mother and Father both appealed separately, though Father's appeal was filed
 pursuant to Ex Parte Cauthen, 291 S.C. 465, 354 S.E.2d 381 (1987).  
I. 
 Mother's Appeal 
Mother
 argues the family court erred in terminating her parental rights pursuant to
 section 63-7-2570(1) of the South Carolina Code (2008).  Additionally, Mother contends
 the family court erred in terminating her parental rights when the Children's
 guardian ad litem (the GAL) failed to comply with statutory requirements.  We affirm
 pursuant to Rule 220(b), SCACR, and the following authorities: 
1.  As to whether the family court erred in
 terminating Mother's parental rights:  See S.C. Code Ann. § 63-7-2570
 (2008) (stating the family court may order TPR upon finding a statutory ground
 is established and also finding TPR is in the best interest of the children); §
 63-7-2570(1) (2008) (explaining a statutory ground for TPR is established when "[t]he
 child or another child in the home has been harmed as defined in [s]ection 63‑7‑20,
 and because of the severity or repetition of the abuse or neglect, it is not
 reasonably likely that the home can be made safe within twelve months.  In
 determining the likelihood that the home can be made safe, the parent's
 previous abuse or neglect of the child or another child in the home may be
 considered."). 
2. 
 As to Mother's argument the GAL's failure to comply with statutory requirements
 denied her certain safeguards and due process of law: Staubes v. City of
 Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is
 well-settled that an issue cannot be raised for the first time on appeal, but
 must have been raised to and ruled upon by the trial court to be preserved for
 appellate review."); see also Charleston County Dep't of Soc.
 Servs. v. Jackson, 368 S.C. 87, 104-05, 627 S.E.2d 765, 775 (Ct. App.
 2006) (finding a parent's argument that TPR violates his right to due process
 under the Fourteenth Amendment to the United States Constitution was not preserved for this court's
 review when it was not raised to
 or ruled upon by the family court); See, e.g., Mize v. Blue
 Ridge Ry. Co., 219 S.C. 119, 129-30, 64 S.E.2d 253, 258 (1951) (explaining
 an issue is not preserved for appeal merely because the trial judge mentions it
 in passing).[1]
          II. 
 Father's Appeal
Upon a thorough review of the record and the family court's
 findings of fact and conclusions of law pursuant to Ex Parte Cauthen,
 291 S.C. 465, 354 S.E.2d 381 (1987), we find no meritorious issues warrant
 briefing.  
Accordingly, the family court's ruling is   
AFFIRMED.[2]
PIEPER,
 J., GEATHERS, J., and CURETON, A.J., concur.   

[1] We acknowledge the family court found the GAL failed
 to fully comply with the statutory requirements.  However, we do not find the
 actions or inactions of the GAL tainted the family court's finding it was in
 Children's best interest to terminate parental rights because the family court "did
 not find it necessary to have relied upon the GAL's recommendations in this
 case."  Cf. Patel v. Patel, 347 S.C. 281, 286-87, 555 S.E.2d
 386, 389 (2001) (explaining the family court erred in awarding custody to a
 husband when it placed "a great deal of reliance" on the GAL's report
 and "the GAL's actions and inactions so tainted the decision of the family
 court in this case . . . .").  
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.