**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Anderson Brothers Bank, Respondent,

v.

EBT Property Holding Co., Inc., Bonnie McKenzie as Personal Representative of the Estate of E. Howard McKenzie and Trustee of the E. Howard McKenzie Family Trust, and Edward O. Lewis, Defendants,

Of whom EBT Property Holding Co., Inc. is the Appellant.

Appellate Case No. 2011-202906

———————————

Appeal From Georgetown County
Joe M. Crosby, Master-in-Equity

———————————

Unpublished Opinion No. 2013-UP-109
Submitted February 1, 2013 – Filed March 13, 2013

———————————

**AFFIRMED**

———————————

Robert J. Moran, Jr., of Robert J. Moran, P.A., of Murrells Inlet, for Appellant.

Jerome P. Askins, III, of Askins Chandler & Askins, LLP, of Hemingway, and George Hamlin O'Kelley, III,

of Buist Byars & Taylor, LLC, of Mount Pleasant, for
Respondent.

---

**PER CURIAM:**  In this foreclosure action, EBT Property Holding Co. (EBT)
appeals from a judgment against it, arguing the master erred in: (1) finding its
motion to reconsider was not timely filed; (2) denying its motion for continuance;
(3) ruling its president, Howard McKenzie, had the authority to bind it to the loan
at issue; and (4) not finding Anderson Brothers Bank (the Bank) was grossly
negligent, entitling it to be equitably protected from a deficiency judgment.  We
affirm.[1]

## FACTS

McKenzie and his son owned and operated several funeral homes in Georgetown
and the surrounding counties.  EBT is a South Carolina Corporation owned by
McKenzie, his wife, and his son, and it holds title to some of the funeral homes.
On January 4, 2007, EBT purchased a building on Front Street in Georgetown, and
the Bank loaned EBT $323,964, guaranteed by a note signed by McKenzie.
McKenzie personally guaranteed the note, and it was secured by a mortgage from
EBT to the Bank, also signed by McKenzie.  On August 27, 2007, McKenzie
entered into a contract to sell the building for $399,000; however, the sale never
occurred.

Eventually, EBT stopped making payments under the note; therefore, the Bank
commenced an action for foreclosure on the property in March 2009.  The Bank
also sought a deficiency judgment against McKenzie based on the note he signed
in favor of the Bank.  EBT and McKenzie answered, admitting the execution of the
note and mortgage by EBT and the guaranty by McKenzie; however, they alleged
the note, mortgage, and guaranty were unenforceable.[2]  By way of counterclaim,
and without specific factual allegations, they raised the defenses of unclean hands,
fraud and misrepresentation, illegal documents, violations of public policy, and the

---

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.

[2]  McKenzie passed away on June 13, 2009, and his wife, Bonnie McKenzie, as
Personal Representative of his Estate and Trustee of the Howard McKenzie Family
Trust, was substituted as a party to this action.

doctrine of *in pari delicto*.[3]  They also asserted the mortgage was *void ab initio* because it was obtained by duress or fraud as a result of McKenzie's lack of mental capacity to enter into contract or sign any legal document at the time of its execution.

The matter was referred to a master by consent of all parties, and the day before the scheduled trial, EBT filed a motion for continuance, which the master denied.  A non-jury trial was held on March 15, 2011.  EBT admitted the Bank was entitled to foreclose on the loan, but argued the master should not grant a deficiency judgment against EBT.  On July 29, 2011, the master filed his final decree granting the Bank judgment against EBT for $428,115.04 and ordering the collateral sold at a judicial sale.  The master granted the Bank a deficiency judgment.  EBT filed a motion to reconsider on August 16, 2011.  The master denied the motion, finding it was untimely and lacked merit due to EBT's stipulation to the foreclosure and acknowledgment of the validity of the note and mortgage.  This appeal followed.

**STANDARD OF REVIEW**

A mortgage foreclosure is an action in equity.  *U.S. Bank Trust Nat'l Ass'n v. Bell*, 385 S.C. 364, 373, 684 S.E.2d 199, 204 (Ct. App. 2009).  "In an appeal from an action in equity, tried by a judge alone, we may find facts in accordance with our own view of the preponderance of the evidence."  *Id.*

**LAW/ANALYSIS**

**I.    Motion for Continuance**

EBT argues the master erred in denying its motion for continuance.  We disagree.

"The grant or denial of a continuance is within the sound discretion of the trial judge and is reviewable on appeal only when an abuse of discretion appears from the record."  *Plyler v. Burns*, 373 S.C. 637, 650, 647 S.E.2d 188, 195 (2007).  "An

---

[3]  "The doctrine of *in pari delicto* is '[t]he principle that a plaintiff who has participated in wrongdoing may not recover damages resulting from the wrongdoing.'"  *Myatt v. RHBT Fin. Corp.*, 370 S.C. 391, 395, 635 S.E.2d 545, 547 (Ct. App. 2006) (quoting Black's Law Dictionary 794 (7th ed. 1999)).  "In South Carolina, this doctrine precludes one joint tort-feasor from seeking indemnity from another."  *Id.*

abuse of discretion occurs when the conclusions of the circuit court are either controlled by an error of law or are based on unsupported factual conclusions." *Carson v. CSX Transp., Inc.*, 400 S.C. 221, 229, 734 S.E.2d 148, 152 (2012). "Moreover, the denial of a motion for a continuance on the ground that counsel has not had time to prepare is rarely disturbed on appeal." *Plyler*, 373 S.C. at 650, 647 S.E.2d at 195; *see also Trotter v. Trane Coil Facility*, 393 S.C. 637, 650, 714 S.E.2d 289, 295 (2011) ("[D]ecisions denying a request for a continuance are 'rarely' overturned.").

EBT filed its motion for continuance the day before trial was scheduled to begin, asserting: (1) counsel was retained on March 1, 2011, fourteen days prior to trial; (2) discovery requests sent to EBT's previous attorney on March 2 had not been completely answered; (3) one witness would suffer harm in the practice of her business if she was required to come to court on March 15; (4) another witness, McKenzie's doctor, had not been interviewed; and (5) it required additional time to review the materials provided by the Bank. On appeal, EBT makes the same arguments concerning unproduced discovery from EBT's previous attorney and requiring additional time to review the materials provided by the Bank. EBT alleges it is prejudiced by its inability to access EBT's previous attorney's file, interview and call a doctor on the issue of McKenzie's competency, and engage an expert regarding the Bank's alleged negligence.

EBT had counsel protecting its interest for almost two years prior to trial, and EBT did not explain why it could not have previously obtained the information. *See Grant v. Grant*, 288 S.C. 86, 89, 340 S.E.2d 791, 793 (Ct. App. 1986) (finding the trial court did not abuse its discretion in denying a request for a continuance where the new counsel sought a continuance primarily to interview witnesses, and there was nothing in the record to explain why the witnesses were not interviewed or could not have been interviewed during the six day period following the commencement of his employment). Further, at trial while arguing its motion for continuance, EBT stipulated to the Bank's right to foreclose on the loan. Therefore, we find the master did not abuse his discretion in denying EBT's motion for continuance. *See Townsend v. Townsend*, 323 S.C. 309, 313, 474 S.E.2d 424, 427 (1996) (finding appellate court will not set aside a court's ruling on a motion for a continuance unless it clearly appears there was an abuse of discretion to the prejudice of the movant).

## II.     Authority to Bind

EBT argues the master erred in ruling Howard McKenzie had authority to bind EBT to the loan at issue.  We disagree.

"An agency relationship may be established by evidence of actual or apparent authority." *Charleston, S.C. Registry for Golf & Tourism, Inc. v. Young Clement Rivers & Tisdale, LLP*, 359 S.C. 635, 642, 598 S.E.2d 717, 721 (Ct. App. 2004). Actual authority is expressly conferred upon the agent by the principal.  *Id.* Apparent authority arises when the principal knowingly permits the agent to exercise or holds the agent out as possessing authority.  *Id.*

McKenzie's son, Tim, testified his father was no longer president after 2005 and only had authority to do some things for EBT; however, Tim had nothing to document his father ceased being president and manager of EBT or ceased to have complete authority to transact business for EBT.  Even after McKenzie transferred his EBT shares to his wife on October 5, 2004, McKenzie's role in EBT did not change.  EBT's corporate resolution, dated October 5, 2004, states: "Howard McKenzie, remaining as President and manager, be . . . designated . . . to obligate, sign, enter, into all binding contracts, or agreements, etc. pertaining to EBT Property Holding Company, Inc., and hereby [is] elected to the designated office of President of the Corporation."  Tim acknowledged his father executed a deed as president of EBT on August 14, 2006, conveying real estate for $1,000,000, and the deed was valid despite the lack of any other officer's or shareholder's signature. Tim also acknowledged McKenzie, as president, executed a mortgage and an assignment of leases and rents from EBT to Carolina First Bank on April 27, 2006. Furthermore, Tim admitted he never informed the Bank that McKenzie was no longer authorized to handle a loan transaction on behalf of EBT or notified the Bank that McKenzie was mentally incompetent to handle a loan transaction.  Tim also had no evidence the Bank knew or should have known McKenzie was mentally incompetent when he applied for the loan.  Therefore, McKenzie had actual authority as president and manager to enter into the loan transaction and execute the appropriate loan documents on behalf of EBT.  *See Hofer v. St. Clair*, 298 S.C. 503, 510, 381 S.E.2d 736, 740 (1989) (finding that even though the evidence on whether the partner had actual authority to bind the partnership to the contracts for the sale of partnership land was conflicting, the lower court's findings were supported by the record, and the fact finder who heard the testimony is in the best position to judge the demeanor and veracity of the witnesses).

Even if McKenzie did not have actual authority to act for EBT, his actions were still binding if he had apparent authority to act for EBT. Tim testified he knew his father was transacting business for EBT and trying to get a loan. However, neither he nor his mother attempted to stop McKenzie from securing a loan for EBT; notify the bank that McKenzie was no longer authorized to procure a loan for EBT; or inform any third party McKenzie was unauthorized to act for EBT. Further, property transactions were in the regular course of business for EBT, not the exception. *See Hofer*, 298 S.C. at 510, 381 S.E.2d at 740 ("[E]ven if a partner lacks the actual authority to bind the partnership, when a partner is apparently carrying on the business of the partnership in the usual way, and the one with whom he is transacting business does not know the partner lacks actual authority, the partner's acts will bind the partnership."); *Fernander v. Thigpen*, 278 S.C. 140, 143, 293 S.E.2d 424, 426 (1982) ("The doctrine of apparent authority provides that the principal is bound by the acts of its agent when it has placed the agent in such a position that persons of ordinary prudence, reasonably knowledgeable with business usages and customs, are led to believe the agent has certain authority and they in turn deal with the agent based on that assumption."); *id.* (finding an "agency relationship may be established by showing evidence of apparent or implied authority, even where the parties have entered an agreement to the contrary"); *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 432, 540 S.E.2d 113, 118 (Ct. App. 2000) ("[T]he concept of apparent authority depends upon manifestations by the principal to a third party and the reasonable belief by the third party that the agent is authorized to bind the principal.").

Further, even if McKenzie lacked actual or apparent corporate authority to enter into the loan transaction at issue, EBT's conduct ratified the loan. EBT received and retained the following benefits of the loan: (1) the prior existing mortgage on the property was paid off and the balance of the proceeds were remitted to EBT; (2) those funds were deposited into EBT's bank account; (3) the shareholders and officers of EBT, McKenzie's wife and son, did nothing to repudiate the loan; and (4) several payments on the loan were made with checks signed by Tim. Therefore, the parties' conduct ratified the loan, even if it was unauthorized. *See Lincoln v. Aetna Cas. & Sur. Co.*, 300 S.C. 188, 191, 386 S.E.2d 801, 803 (Ct. App. 1989) ("Ratification exists upon the concurrence of three elements[:] (1) acceptance by the principal of the benefits of the agent's acts[;] (2) full knowledge of the facts[;] and (3) circumstances or an affirmative election indicating an intention to adopt the unauthorized arrangements.").

Based on our review of the evidence, we find McKenzie had actual and apparent authority to act on behalf of EBT and to enter into the loan at issue.

## III. Negligence

EBT argues the master erred in not finding the Bank's gross negligence entitles it to be equitably protected from a deficiency judgment. We disagree.

EBT did not assert the Bank was grossly negligent in its answer or counterclaims or at trial, and the master's order does not mention anything about negligence by the Bank. EBT raised this issue for the first time in its motion to reconsider, which the master found was untimely. Therefore, we find this issue is not preserved for our review. *See Kiawah Prop. Owners Grp. v. Pub. Serv. Comm'n of S.C.*, 359 S.C. 105, 113, 597 S.E.2d 145, 149 (2004) (finding the issue was not preserved because a party may not raise an issue in a motion to reconsider, alter, or amend a judgment that could have been presented prior to the judgment); *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").

## IV. Motion to Reconsider

EBT argues the master erred in finding its motion to reconsider was not timely filed. Because our decisions on the prior issues are dispositive of this appeal, we decline to address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

## CONCLUSION

Accordingly, the master's order is

## AFFIRMED.

## SHORT, THOMAS, and PIEPER, JJ., concur.