**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

John Doe, Petitioner,

v.

City of Duncan, Respondent.

Appellate Case No. 2015-000074
Lower Court Case No. 2008-CP-42-00475

———————————

ON WRIT OF CERTIORARI TO THE
COURT OF APPEALS

———————————

Appeal From Spartanburg County
The Honorable J. Derham Cole, Circuit Court Judge

———————————

Memorandum Opinion No. 2015-MO-019
Submitted March 19, 2015 – Filed April 15, 2015

———————————

**REVERSED AND REMANDED**

———————————

Gregg E. Meyers, of Jeff Anderson & Associates, PA, of St. Paul, Minnesota, for Petitioner.

William Harrell Foster, III, of Nelson Mullins Riley & Scarborough, LLP, of Greenville; A. Mattison Bogan, and Miles E. Coleman, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia; and Charles Franklin

Turner, Jr., of Willson Jones Carter & Baxley, P.A., of Greenville, for Respondent.

---

**PER CURIAM:**  Petitioner seeks a writ of certiorari to review the decision of the Court of Appeals in *Doe v. City of Duncan*, Op. No. 2014-UP-400 (S.C. Ct. App. filed Nov. 12, 2014).  We grant the petition on petitioner's Question 1, deny the petition on petitioner's Question 2, and dispense with further briefing.

The only argument made by petitioner before the circuit court was that his summons and complaint were timely served because the time for serving them was tolled under the Servicemembers Civil Relief Act.  Although the circuit court judge did not specifically state he did not believe the Act applied in this case, he implicitly rejected petitioner's argument by finding the service was not timely. Therefore, the Court of Appeals incorrectly held the issue raised by petitioner was not preserved for appellate review.  *Staubes v. City of Folly Beach*, 339 S.C. 406, 529 S.E.2d 543 (2000) (this Court does not require parties to engage in futile actions in order to preserve issues for appellate review); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 526 S.E.2d 716 (2000) (only when the losing party raised an issue in the lower court, but the lower court failed to rule on it, is the party required to file a motion to alter or amend the judgment in order to preserve the issue for appellate review).

Accordingly, we reverse the opinion of the Court of Appeals and remand this matter to the Court of Appeals to rule on the merits of petitioner's appeal.

**REVERSED AND REMANDED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**