**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John M. English, Appellant,

v.

Ellen Sexton and John E. White, Jr., Respondents.

Appellate Case No. 2014-002661

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2017-UP-202
Submitted March 1, 2017 – Filed May 17, 2017

**AFFIRMED**

Steven L. Smith, of Smith Closser, of Charleston, for Appellant.

G. Thomas Hill, of Hill & Hill, LLC, of Ravenel, for Respondent Ellen Sexton.

John E. White, Jr., of White Law Firm, of North Charleston, pro se.

**PER CURIAM:** John M. English appeals a final order from a master-in-equity, arguing the master erred in construing an arbitrator's order to find he owed Ellen

Sexton $19,626.80 for a Ford Explorer and failing to defer resolution of a fee dispute with his former counsel, John E. White, Jr., to the Resolution of Fee Disputes Board (the Board). We affirm.[1]

1. We find the master did not err in interpreting the arbitrator's order as ordering English to reimburse Sexton the funds Sexton expended for the Ford Explorer. *See Bluffton Towne Ctr., LLC v. Gilleland-Prince*, 412 S.C. 554, 562-63, 772 S.E.2d 882, 887 (Ct. App. 2015) ("When reviewing a master-in-equity's judgment made in an action at law, 'the appellate court will not disturb the master's findings of fact unless the findings are found to be without evidence reasonably supporting them.'" (quoting *Silver v. Aabstract Pools & Spas, Inc.*, 376 S.C. 585, 590, 658 S.E.2d 539, 542 (Ct. App. 2008))).

2. We find the master did not err in failing to defer resolution of the fee dispute to the Board because the uncontested evidence showed the fees addressed by the master's order were different than the fees involved in the dispute pending before the Board. *See Bluffton Towne Ctr., LLC*, 412 S.C. at 562-63, 772 S.E.2d at 887 ("When reviewing a master-in-equity's judgment made in an action at law, 'the appellate court will not disturb the master's findings of fact unless the findings are found to be without evidence reasonably supporting them.'" (quoting *Silver*, 376 S.C. at 590, 658 S.E.2d at 542). To the extent English argues he was not given proper notice of the hearing on his motion to reconsider, English's counsel did not move for a continuance at the hearing and appears to have otherwise agreed to the hearing date. *See Ellie, Inc. v. Miccichi*, 358 S.C. 78, 102, 594 S.E.2d 485, 498 (Ct. App. 2004) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review." (quoting *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000))).

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.