THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Walter L. Pepperman, II and T. Ann Pepperman,
Appellants,

v.

Henry H. Edwards and Pamela J. Edwards, Respondents.

Appellate Case No. 2016-002552

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2019-UP-090
Submitted January 1, 2019 – Filed February 20, 2019

**AFFIRMED**

Walter L. Pepperman, II and T. Ann Pepperman, of Campobello, pro se.

Henry H. Edwards and Pamela J. Edwards, of Campobello, pro se.

**PER CURIAM:** Walter and Ann Pepperman appeal a circuit court order affirming the magistrate court's denial of relief on their claim that Henry and Pamela Edwards made misrepresentations during a sale of residential real property. On appeal, the Peppermans argue (1) the magistrate court and circuit court erred by

failing to rule on their breach of implied warranty claim, (2) the magistrate court and circuit court erred in their construction of the Residential Property Condition Disclosure Statement related to the sale, and (3) the magistrate court's procedures "fail[ed] to comport with the fair and orderly administration of justice."  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review."); *Chastain v. Hiltabidle*, 381 S.C. 508, 515, 673 S.E.2d 826, 829 (Ct. App. 2009) ("When an issue is raised to but not ruled upon by the trial court, the issue is preserved for appeal only if the party raises the same issue in a . . . motion [to alter or amend]."); Rule 19(d), SCRMC ("A motion to alter or amend the judgment shall be filed no later than ten (10) days after notice of the judgment . . . .").

As to Issue 2: *Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008) ("Determining the proper interpretation of a statute is a question of law, and this [c]ourt reviews questions of law de novo."); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute."); S.C. Code Ann. § 27-50-40(A) (Supp. 2018) ("[T]he owner of the real property shall furnish to a purchaser a written disclosure statement."); S.C. Code Ann. § 27-50-10(8) (2007) ("'Real property' means the lot or parcel and the dwelling unit described in a real estate contract subject to this article."); *Hodges*, 341 S.C. at 87, 533 S.E.2d at 582 ("If the legislature's intent is clearly apparent from the statutory language, a court may not embark upon a search for it outside the statute.").

As to Issue 3: *Staubes*, 339 S.C. at 412, 529 S.E.2d at 546 ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review."); *Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF, SHORT, and WILLIAMS, JJ., concur.**