**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

George C. McCullough, Appellant,

v.

Author Solutions, LLC, Respondent.

Appellate Case No. 2017-001448

———————

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-249
Submitted May 1, 2019 – Filed July 3, 2019

———————

**AFFIRMED**

———————

George C. McCullough, of Anderson, pro se.

———————

**PER CURIAM:** George C. McCullough appeals the circuit court's affirmance of the magistrate court's dismissal of his consumer fraud claim against Author Solutions, Inc. (ASI), arguing the magistrate court erred in (1) finding the arbitration clause binding, (2) dismissing his claim for lack of jurisdiction, (3) failing to find ASI's appearance waived its argument on jurisdiction, (4) failing to issue an entry of default and default judgment, and (5) finding he presented no

evidence. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the magistrate court erred in finding the arbitration clause binding: *Dean v. Heritage Healthcare of Ridgeway, LLC*, 408 S.C. 371, 379, 759 S.E.2d 727, 731 (2014) ("Arbitrability determinations are subject to *de novo* review. However, a [magistrate] court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings." (citation omitted)); *Schulmeyer v. State Farm Fire & Cas. Co.*, 353 S.C. 491, 497, 579 S.E.2d 132, 135 (2003) ("[T]his [c]ourt is required to give effect to the plain meaning of the words in an unambiguous contract.").

2. As to whether the magistrate court erred in dismissing McCullough's claim for lack of jurisdiction and failing to find ASI's appearance waived its argument on jurisdiction: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address remaining issues when prior issue is dispositive).

3. As to whether the magistrate court erred in failing to issue an entry of default and default judgment: *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit] court to be preserved for appellate review.").

4. As to whether the magistrate court erred in finding McCullough presented no evidence: *In re Michael H.*, 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) ("An issue may not be raised for the first time on appeal. In order to preserve an issue for appeal, it must be raised to and ruled upon by the [magistrate] court.").

**AFFIRMED.**

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.