**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Branch Banking and Trust Company, Respondent,

v.

Wilton H. Cain; Cassandra M. Durrah-Cain; Liberty Hall Residential Property Owners Association, Inc., Defendants,

Of whom Wilton H. Cain and Cassandra M. Durrah-Cain are Appellants.

Appellate Case No. 2016-000292

———————————

Appeal From Berkeley County
Dale Edward Van Slambrook, Master-in-Equity

———————————

Unpublished Opinion No. 2019-UP-296
Submitted June 1, 2019 – Filed August 21, 2019

———————————

**AFFIRMED**

———————————

Wilton H. Cain and Cassandra M. Durrah-Cain, of Adams Run, pro se.

Erica Greer Lybrand, of Rogers Townsend & Thomas, PC, of Columbia, for Respondent.

———————————

**PER CURIAM:**  Wilton H. Cain and Cassandra M. Durrah-Cain appeal the master-in-equity's order confirming a deficiency judgment and denying their Rule 59(e), SCRCP, motion to alter, amend, or reconsider, asking: (1) What is the exact amount of insurance paid by the private mortgage insurance Republic Mortgage insurance company to BB&T; (2) What is the correct amount of the deficiency judgment owed after appraisal, before insurance payment; (3) Does BB&T's counsel have legal authorization from the mortgage company to represent BB&T or is the case closed and they represent a third-party; (4) Does the private mortgage insurance company insurance payment reduce the loss of BB&T or the amount owed in a foreclosure in this case; (5) Does BB&T represent the insurer RMIC; (6) Does the mortgagee have a right under South Carolina law to enrichment in a foreclosure case; (7) Is BB&T required under South Carolina law to give proper and timely notice to the Cains that they represent the insurer, a third-party, in a subrogation action, and is notice in January 2016 proper and timely in this case filed in 2010; (8) Is a foreclosure action under South Carolina law a tort action, is there an injury as cover under the collateral source rule, and is the default considered an accident and the Cains a wrongdoer; (9) Is the private mortgage insurance wholly independent of the Cains, who paid premiums and were part of the loan agreement; and (10) Did the master err in not dismissing the deficiency judgment against the Cains in regard to BB&T, who received a private mortgage insurance payment to reduce?[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

 1. As to issues one, two, three, five, and eight, we find these issues not preserved for appellate review.  *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [master] to be preserved for appellate review.").

2. As to issue seven, we find this issue abandoned on appeal.  *See S.C. Dep't of Transp. v. M & T Enters. of Mt. Pleasant, LLC*, 379 S.C. 645, 659, 667 S.E.2d 7, 15 (Ct. App. 2008) ("[E]ven if an issue is preserved at the trial court level, it must still be properly raised and argued to the appellate court."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South

---

[1] We address only the issues set forth in the Cains' initial brief because the Cains raised new issues in their final brief in violation of the South Carolina Appellate Court Rules.  *See* Rule 211(b)(1)-(2), SCACR (requiring the parties' final briefs be identical to their initial briefs except for the addition of references to the record and the correction of typographical errors).

Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

3. As to issues four, six, nine, and ten, the master-in-equity did not err in determining the insurance proceeds received by the Respondent do not reduce or cancel the deficiency judgment against the Appellants. *See* S.C. Code Ann. § 29-3-740 (2007) ("The return of the appraisers shall be filed and recorded by the clerk as a judgment of the court and be subject to appeal as hereinafter provided. If the value returned after deduction therefrom of the amount of the price at which the property was sold under direction of the court be equal to or exceed the amount of the deficiency remaining upon the judgment after application of the net proceeds of sale the judgment shall be thereupon extinguished and cancelled of record by the clerk and if such returned value, after deduction of the amount of the sale price, be less than the deficiency the latter shall be abated and deemed paid, pro tanto, and be thereafter enforceable for only the remainder, the amount of which will be determined by the clerk and stated in a proper order from which any party may appeal within ten days after notice of filing thereof to the court or any judge thereof in accord with the procedure prescribed in [section] 29-3-750[ of the South Carolina Code (2007)].").[2]

**AFFIRMED.**[3]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[2] We acknowledge that the master-in-equity applied the collateral source rule. The application of the rule, however, did not affect the propriety of the judgment because the judgment was correctly determined pursuant to section 29-3-740.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.