**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Andrea Benjamin and Ricky Pittman, Defendants,

Of whom Ricky Pittman is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2018-002008

_____

Appeal From Cherokee County
James F. Fraley, Jr., Family Court Judge

_____

Unpublished Opinion No. 2019-UP-382
Submitted November 27, 2019 – Filed December 6, 2019

_____

**AFFIRMED**

_____

Jennifer Lynn Mook, of Law Office of Jennifer Mook, LLC, of Aiken, for Appellant.

Andrew Troy Potter, of the South Carolina Department of Social Services, of Anderson, for Respondent.

Harry A. Hancock, of Columbia, for the Guardian ad Litem.

———————

**PER CURIAM:**  Ricky Pittman (Father) appeals the family court's termination of his parental rights (TPR) to his minor son (Child), arguing clear and convincing evidence does not support TPR based on the following grounds: (1) severe or repetitious harm and (2) having a diagnosable condition unlikely to change within a reasonable time.  Father also argues TPR was not in Child's best interest, and the family court erred in failing to dismiss the TPR complaint because it did not comply with section 63-7-2540 of the South Carolina Code (2010).  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

We find clear and convincing evidence supports TPR based on severe or repetitious harm.  *See* S.C. Code Ann. § 63-7-2570 (Supp. 2019) (providing the family court may order TPR upon finding one or more statutory grounds is satisfied and finding TPR is in the best interest of the child); *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) (providing the grounds for TPR must be proven by clear and convincing evidence); § 63-7-2570(1) (providing a statutory ground for TPR is met when "[t]he child . . . while residing in the parent's domicile has been harmed . . . and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months"); S.C. Code Ann. § 63-7-20(6) (Supp. 2019) (providing harm occurs when a parent "inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child").  The family court made three findings that Father harmed Child.  In the most recent instance, Father inflicted bruises all over Andrea Benjamin's (Mother's) body, threw frozen sausage at her, dumped "pig slop" on her head, knocked her out, and shoved Child in the process.  This was at least the third time Child had been exposed to domestic violence in the home.  We find this type of violent behavior

inflicted between his parents puts Child at a substantial risk of physical and mental injury. Thus, we find Child was harmed.

We further find that due to the severity and repetition of harm it was not reasonably likely the home could be made safe within twelve months. *See* § 63-7-2570(1) ("In determining the likelihood that the home can be made safe, the parent's previous abuse or neglect of the child or another child may be considered."). In two previous DSS actions Father successfully completed his treatment plan and regained custody of Child, yet violence in the home continued. The third case of domestic violence between Father and Mother was clear and convincing evidence that it was unlikely Father would make the changes necessary to provide a safe home. Father argues he completed significant treatment during the most recent DSS case. However, because he has continued to resort to violence after completing prior treatment plans, we find it is not reasonably likely the home can be made safe based on the severity and repetition of the harm.

We also find clear and convincing evidence shows Father had a diagnosable condition unlikely to change within a reasonable time that made him unable to provide minimally acceptable care. *See* § 63-7-2570(6) (providing a statutory ground for TPR is met when the parent has a diagnosable condition unlikely to change in a reasonable time that prevents the parent from providing minimally acceptable care). Father testified he stopped using methamphetamines in May 2017, completed drug treatment programs three times, and continued to attend treatment voluntarily. His clinical counselor testified Father successfully completed his drug program on September 15, 2017; however, she also testified he tested positive for methamphetamines three days before he completed the program. We find testing positive three days prior to completing the program and four months after he testified he stopped using methamphetamines are inconsistent with his statements he has remained drug free. Therefore, we find clear and convincing evidence Father had a methamphetamine addiction that is unlikely to change within a reasonable time, and that condition makes it unlikely Father can provide minimally acceptable care.

We find TPR is in Child's best interest. *See* § 63-7-2510 ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ."); S.C. Code Ann. § 63-7-2620 (2010) ("The interest[] of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Smith,* 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (providing in TPR cases

the best interest of the child is the paramount consideration).  The DSS caseworker and the guardian ad litem (the GAL) both testified TPR was in Child's best interest.  Father has been violent in the presence of Child throughout his life.  Father was convicted of domestic violence for significantly beating Mother, and he threatened to kill Mother, Child, and himself.  He has shown signs of aggression by attempting to intimidate the GAL and DSS caseworker by stating he knew where they lived, where their families went to school, and the kind of cars they drove.  He indicated he was going to flip a table at them and he threw pictures in the DSS caseworker's face.  We find these acts were clear and convincing evidence Father resorts to violence and aggression, making his home unsafe for Child.  We further find his failure to adequately deal with his addiction puts Child at great risk in the home.  Moreover, Child was placed in foster care on three separate occasions, totaling over forty three months.  We find the instability of going in and out of foster care for a third of Child's life is not in his best interests.  Thus, we find TPR is in Child's best interest.

We also find the GAL's investigation was independent and sufficient.  The evidence presented at the TPR hearing and in the GAL's report shows she conducted an independent and sufficient investigation.  *See* S.C. Code Ann. § 63-11-530(B) (2010) (providing the GAL is authorized to: "(1) conduct an independent assessment of the facts; (2) confer with and observe the child involved; (3) interview persons involved in the case; (4) participate on any multidisciplinary evaluation team for the case on which the guardian ad litem has been appointed; (5) make recommendations to the court concerning the child's welfare").  The GAL met with Mother and Father twice and Child on three occasions.  Although she did not meet with Father's treatment providers and therapists, she testified she read their reports and reviewed the file and notes.  Thus, we find the GAL's investigation was independent and sufficient.

Finally, we find Father's argument that the family court erred in failing to dismiss the TPR complaint is not preserved.  *See Charleston Cty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 105, 627 S.E.2d 765, 775 (Ct. App. 2006) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review." (quoting *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000))); *Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 654 (2006) (providing procedural rules are subservient to the court's duty to protect minors but noting the court has the discretion to apply the procedural rule).  This issue was not raised to the family court in Father's response, at the TPR hearing, or through a post-hearing motion; thus, we find this issue was not preserved and decline to address it.

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.