**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Randy and Cheryl Gilchrist, Appellants,

v.

Duke Energy Carolinas, LLC, Respondent.

Appellate Case No. 2020-001445

———————

Appeal From The Public Service Commission

———————

Unpublished Opinion No. 2022-UP-409
Submitted November 1, 2022 – Filed November 16, 2022

———————

**AFFIRMED**

———————

Randy Gilchrist and Cheryl Gilchrist, pro se.

Frank Rogers Ellerbe, III, of Robinson Gray Stepp & Laffitte, LLC, and Samuel J. Wellborn, of Duke Energy Corporation, both of Columbia; and Katie Michell Brown, of Duke Energy Corporation, of Greenville, all for Respondent.

———————

**PER CURIAM:** Randy and Cheryl Gilchrist appeal an order of the South Carolina Public Service Commission, arguing the Commission erred by dismissing their complaint, the Commission violated their due process rights by failing to hold a hearing on the merits, Duke Energy Carolinas, LLC, violated their right to

privacy by installing a smart meter on their property without their consent,[1] and Duke Energy's collection of their power usage data with a smart meter constituted a taking of their private property.  We affirm.

We hold the Commission did not err by granting Duke Energy's motion to dismiss. *See Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006) ("In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the [non-moving party], states any valid claim for relief.").  The Commission correctly determined Duke Energy did not violate the Gilchrists' constitutional right to privacy by installing a smart meter on their property because Duke Energy is not a state actor, and therefore, installation of the meter was not a state action.  *See S. Bell Tel. & Tel. Co. v. Hamm*, 306 S.C. 70, 76, 409 S.E.2d 775, 779 (1991) (explaining that for a public utility's actions to constitute state action, "[t]here must be a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself" (quoting *Blum v. Yaretsky*, 457, U.S. 991, 1004 (1982))); *id.* at 77, 409 S.E.2d at 779 (finding that a telephone company's use of a Caller ID service that allowed the recipient of a phone call to identify the caller "d[id] not rise to the necessary level of involvement to result in action by the State").  Because the Gilchrists failed to assert any other basis for their complaint, we find they failed to state a valid claim for relief within the Commission's jurisdiction.  *See* S.C. Code Ann. § 58-5-270 (2015) (stating a customer's complaint to the Commission must "set[] forth any act or thing done, or omitted to be done, with respect to which . . . the commission has jurisdiction"); *id.* ("The commission has jurisdiction to hear complaints regarding the reasonableness of any rates or charges that affect the general body of ratepayers . . . .").

Because we find the Gilchrists' constitutional right to privacy was not enforceable against Duke Energy, we also hold the Commission did not err by determining a hearing on the merits of the Gilchrists' complaint was "not necessary in the public interest or for the protection of substantial rights."  *See* S.C. Code Ann. § 58-27-1990 (2015) ("The commission may dismiss any petition without a hearing if in its opinion a hearing is not necessary in the public interest or for the protection of substantial rights.").  Thus, we hold the Commission did not err by declining to hold a hearing before dismissing the Gilchrists' complaint.

---

[1] It appears the Commission has required Duke Energy to provide that customers may opt out of the smart meter installation, but the Gilchrists have chosen not to opt out.

We also hold the Gilchrists' due process argument is not preserved for appellate review because they raised it for the first time on appeal. *See Grant v. S.C. Coastal Council*, 319 S.C. 348, 356, 461 S.E.2d 388, 392 (1995) ("This appeal is [the] first mention of any deprivation of due process and, therefore, this issue is not preserved.").

Finally, we hold the Gilchrists' argument that use of a smart meter on their property constituted a taking of their property is not preserved for appellate review because it was raised for the first time on appeal. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").

**AFFIRMED.**[2]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.