817 So.2d 950 (2002)
Elvis D. SUMMERS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1195.
District Court of Appeal of Florida, Second District.
May 24, 2002.
BLUE, Chief Judge.
Elvis D. Summers appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In 1994 Summers was sentenced to a prison term of eight years to be suspended after five years, followed by three years of probation. Summers violated probation and entered into a plea agreement that stated that he would "serve the remainder of his suspended sentence." The judgment and sentence state that he was given an eight-year sentence with credit for time served in jail and prison. In the rule 3.850 motion, Summers alleged that he thought he would be given a three-year sentence with no credit for previous prison time. Summers alleged that he would not have pleaded if he had known the sentence that he would receive. The trial court denied the postconviction motion because Summers has failed to show prejudice. We agree and therefore affirm.
Section 944.28(1), Florida Statutes, was amended in 1988 and 1989 to allow the Department of Corrections to forfeit all gain time upon the revocation of a conditional release, probation, or community control. See ch. 88-122, § 9, Laws of Fla.; ch. 89-531, § 6, Laws of Fla. Prior to the statutory changes, a defendant who violated the probationary portion of a true split sentence could only be sentenced to a prison term that was no greater than the suspended portion of the original sentence. See Poore v. State, 531 So.2d 161, 164 (Fla.1988); Owens v. State, 557 So.2d 199, 200 (Fla. 2d DCA 1990). Since the 1989 statutory change, the preferred sentencing method is to sentence the defendant to the entire original prison term with credit for all time served, as occurred in this case. Crews v. State, 779 So.2d 492, 493 (Fla. 2d DCA 2000). However, the trial court still *951 has the option of sentencing the defendant to the suspended term with no credit for time served. See Moore v. Stephens, 804 So.2d 575 (Fla. 5th DCA 2002). Regardless of which of the above the trial court chooses for the new sentence, the Department of Corrections is entitled to forfeit the same amount of gain time. See Eldridge v. Moore, 760 So.2d 888, 892 (Fla. 2000). Because Summers would serve the same time regardless of which sentencing method was used, he has failed to show prejudice.
Affirmed.
FULMER and COVINGTON, JJ., concur.