975 So.2d 558 (2008)
Dennis Wilifrid PLOURDE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2487.
District Court of Appeal of Florida, Second District.
February 13, 2008.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Dennis Plourde challenges the order and sentence entered following the revocation of his probation.[1] We affirm but write to address a sentencing issue.
*559 In January 2005, in trial court case number 01-2126, Plourde pleaded guilty to boating under the influence/manslaughter, and the trial court sentenced him to fifteen years' imprisonment suspended in favor of fifteen years' probation. In July 2005, Plourde entered a no contest plea to a new charge and also admitted to violating his probation. On the new charge, the trial court sentenced Plourde to five years' imprisonment suspended in favor of five years' probation.[2] The court ordered that the sentence would run concurrent with Plourde's sentence in case number 01-2126.
As to the violation of probation in case number 01-2126, Plourde admitted the violation in exchange for reimposition of his original sentence and the imposition of additional probationary conditions. The trial court orally accepted the admission and modified Plourde's probation, as agreed. However, the written sentence rendered on July 29, 2005, incorrectly reflects a sentence of five years' imprisonment suspended in favor of five years' probation rather than reimposition of the original sentence of fifteen years' imprisonment suspended in favor of fifteen years' probation.
The State brought the scrivener's error to the trial court's attention at a hearing held on September 20, 2005. Plourde's counsel did not dispute that the written sentence rendered on July 29, 2005, was the result of a scrivener's error, and the trial court agreed that the written sentence should be corrected. Unfortunately, the "corrected" sentencing order rendered on September 30, 2005, again reflects a sentence of five years' imprisonment suspended in favor of five years' probation.
In February 2006, Plourde's probation officer filed an affidavit alleging that Plourde violated his probation. Following an evidentiary hearing, the trial court revoked Plourde's probation. Prior to imposing sentence, the court reviewed Plourde's sentencing history. The court found that Plourde was still serving his original sentence (with the additional probationary conditions) and that the written documents reflecting a sentence of five years' imprisonment suspended in favor of five years' probation were erroneous. The court then sentenced Plourde to seven years' imprisonment followed by three years' probation.[3]
As noted previously, our review of the record revealed an issue of potential merit concerning Plourde's sentence. If, at the time of the revocation proceedings leading to this appeal, Plourde had been serving a true split sentence of five years' imprisonment suspended in favor of five years' probation, the maximum sentence the trial court could have imposed would have been five years' imprisonment. See Summers v. State, 817 So.2d 950, 950 (Fla. 2d DCA 2002) (noting that when a true split sentence is imposed, upon revocation of the probationary term a trial court may sentence a defendant to the entire original prison term with credit for time served or to the suspended term with no credit for time served); see also Pressly v. Tadlock, 968 So.2d 1057, 1058 (Fla. 2d DCA 2007) *560 (observing that trial judges are encouraged not to impose the net remaining time on the suspended portion of a true split sentence but rather, "`[i]f a trial court intends to impose the maximum period of imprisonment for a violation of the probationary portion of a true split sentence, it should impose the full original sentence of incarceration with credit for time served'" (quoting Crews v. State, 779 So.2d 492, 493 (Fla. 2d DCA 2000))). Thus, if Plourde's actual sentence in case number 01-2126 was five years' imprisonment suspended in favor of five years' probation, the new sentence of seven years' imprisonment followed by three years' probation would be improper.
The trial court correctly recognized that prior to the current probation revocation proceeding Plourde had been serving a sentence of fifteen years' imprisonment suspended in favor of fifteen years' probation. This conclusion is supported by the well-established principle that "the written sentence is usually just a record of the actual sentence required to be pronounced in open court. Consequently, when the written order conflicts with the oral pronouncement, the oral pronouncement prevails." Justice v. State, 674 So.2d 123, 125 (Fla.1996) (citation omitted); see also A.S. v. State, 714 So.2d 1038, 1038-39 (Fla. 2d DCA 1998) (recognizing that the oral pronouncement controls when there is a difference between the oral pronouncement and the written sentence). Further, the errors in the written documents do not control over the trial court's oral pronouncements. As the supreme court reiterated in Williams v. State, 957 So.2d 600, 603 (Fla.2007), the oral pronouncement of sentence "constitutes the legal sentence imposed."
The fact that the July and September 2005 sentencing documents incorrectly state a lesser sentence does not alter that Plourde was actually serving a suspended sentence of fifteen years' imprisonment prior to the current revocation proceedings. Therefore, the seven years' incarceration now ordered by the trial court is proper under Summers. Accordingly, we affirm the revocation of probation and Plourde's sentence.
Affirmed.
STRINGER and WALLACE, JJ., Concur.
NOTES
[1] Plourde's appellate counsel initially filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Because we determined that an issue of potential merit existed as to Plourde's sentence, we ordered supplemental briefing pursuant to Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).
[2] The conviction and sentence for the new charge is not before us in this appeal.
[3] The record contains a written judgment and sentence rendered on May 15, 2006, that reflects a sentence of seven years' imprisonment suspended in favor of three years' probation. However, on June 1, 2006, the trial court rendered what appears to be a corrected judgment and sentence reflecting the sentence that the court had orally pronounced: seven years' imprisonment followed by three years' probation.