687 S.E.2d 712

Gina L. DERVIN, Petitioner,

v.

STATE of South Carolina, Respondent.

No. 26755.

Supreme Court of South Carolina.

Submitted Nov. 18, 2009.

Decided Dec. 21, 2009.

Appellate Defender Kathrine H. Hudgins, of South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Brian T. Petrano, all of Columbia, for Respondent.

Justice WALLER.

We granted a writ of certiorari to perform an *Austin v. State* review of the denial of Petitioner Gina Dervin's application for post conviction relief (PCR). We reverse and remand for resentencing.

## FACTS

Dervin was indicted for trafficking cocaine. The indictment alleged she had trafficked between 200–400 grams of cocaine. During her trial, the court twice instructed the jury that Dervin could be convicted of trafficking if she was in actual or constructive possession of ten grams or more of cocaine. The jury found her guilty.

At sentencing, Dervin requested the judge sentence her to the minimum possible sentence, to which the court responded:

> Trafficking in cocaine—and in this case trafficking in cocaine in a substantial amount—the amount in this case is from 200 grams—more than 200 grams but less than 400 grams. And that I will tell you is the second highest category or volume of traffic of cocaine provided for in the trafficking statute. . . .

> Our Legislature has mandated a sentence in a trafficking case, and that is a mandatory 25–year sentence and a mandatory $100,000 fine. So I have no choice other than to impose the sentence required by law.

Accordingly, Dervin was sentenced to twenty-five years and a $100,000 fine for trafficking. The Court of Appeals affirmed her convictions and sentences on direct appeal. *State v. Dervin*, Op. No. 2003–UP–484 (S.C. Ct.App. filed August 20, 2003).

Dervin's first PCR application was denied, and no appeal was filed. Dervin filed this subsequent PCR application in May 2007, alleging PCR counsel was ineffective in failing to appeal the denial of the first PCR application. The court held Dervin was entitled to a belated review of the denial of her first application pursuant to *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991), and we granted certiorari.

## ISSUE

■ Was trial counsel ineffective in failing to object to Dervin's twenty-five year sentence for trafficking more than 200 grams of cocaine when the trial judge only charged the jury to consider whether petitioner was guilty of trafficking ten or more grams of cocaine?

## DISCUSSION

Dervin contends trial counsel was ineffective in failing to object to imposition of a twenty-five year sentence for trafficking between 200–400 grams of cocaine, because the jury was only required to determine she trafficked ten or more grams of cocaine, but that it did not necessarily determine she possessed over 200 grams. Dervin contends the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) require the amount of drugs to be submitted to the jury to be proven beyond a reasonable doubt. We agree.

In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000), the United State Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *See also Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (court explained that "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant).

The state asserts there is no *Apprendi* violation because the twenty-five year sentence imposed here is within the statutory

maximum. While the state is correct in asserting that S.C.Code Ann. § 44–53–370(e)(2)(e) permits up to a thirty year sentence and a $200,000 fine for trafficking over 400 grams of cocaine, the only amount actually charged to the jury here was that it could convict Dervin if it found she possessed "more than 10 grams." There is no indication in the jury's verdict that it found anything more than this amount. Accordingly, given the trial court's instruction, the applicable sentence for possession of ten grams falls under § 44–53–370(e)(2)(a)(1) and is a maximum of ten years and a $25,000 fine. *Accord United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant).

■ Due process requires the State to prove every element of a criminal offense beyond a reasonable doubt. *State v. Brown,* 360 S.C. 581, 602 S.E.2d 392 (2004) (*citing In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). A defendant, therefore, cannot "be exposed to a greater punishment than that authorized by the jury's guilty verdict." *United States v. Page,* 232 F.3d 536, 543 (6th Cir.2000).

■ In *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Supreme Court reiterated its holding in *Apprendi* that, under the Sixth Amendment, all facts used to increase a defendant's sentence beyond the statutory maximum must be charged and proven to a jury. 542 U.S. at 301, 124 S.Ct. at 2536. The relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. *Simpson v. United States,* 376 F.3d 679 (7th Cir.2004). *See also United States v. Booker,* 375 F.3d 508 (7th Cir.2004). Under *Blakely,* the relevant statutory maximum "is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303–304, 124 S.Ct. at 2537.

We find the maximum permissible sentence here, pursuant to *Apprendi* and *Blakely,* is controlled by the amount which was specifically submitted to the jury, i.e., that it could convict

Dervin of trafficking if it believed she possessed ten or more grams of cocaine. Accordingly, the maximum sentence in the present case should have been that for trafficking between 10–28 grams, which is 3–10 years, and a $25,000 fine. Therefore, the trial court's imposition of a twenty-five year sentence for trafficking between 200–400 grams of cocaine violated *Apprendi* because the jury did not find beyond a reasonable doubt that Dervin possessed that amount of cocaine. Further, we find counsel was ineffective in failing to object to imposition of a 25 year sentence. We reverse the denial of PCR and remand for resentencing.[1]

**REVERSED AND REMANDED FOR RESENTENCING.**

TOAL, C.J., PLEICONES, BEATTY and KITTREDGE, JJ., concur.

---

1. Although an *Apprendi* error may be deemed harmless, *Washington v. Recuenco*, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), we do not find the error harmless in the present case.