695 S.E.2d 850

**Nicholas BOAN, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 26832.**

Supreme Court of South Carolina.

Submitted June 25, 2010.

Decided July 12, 2010.

Kathrine H. Hudgins, of South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Karen Ratigan, of Columbia, for Respondent.

Chief Justice TOAL.

In this case, Nicholas Boan (Petitioner) appeals the denial of his request for post-conviction relief (PCR).

### FACTS/PROCEDURAL BACKGROUND

Petitioner was convicted of criminal sexual conduct with a minor first degree and two counts of lewd act upon a child. At sentencing, the trial judge orally pronounced Petitioner

would serve twenty years for the first offense, fifteen years for the second offense, and ten years for the third offense. The first two sentences were to run concurrently, and the ten year sentence was to run consecutively. The written sentencing order for the first offense, however, indicated that Petitioner was to serve thirty years. Trial counsel did not make any motions regarding this discrepancy.

Petitioner's direct appeal was dismissed by the court of appeals, and Petitioner filed for PCR on numerous grounds. The PCR judge denied Petitioner's request for relief on all grounds, finding no error in sentencing because the written sentencing order controlled. Petitioner appealed, and this Court granted the writ of certiorari.

## STANDARD OF REVIEW

In PCR proceedings, the burden of proof is on the applicant to prove the allegations in his application. *Butler v. State*, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985). On appeal, the PCR court's ruling should be upheld if it is supported by any evidence of probative value in the record. *Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989).

## LAW/ANALYSIS

Petitioner argues trial counsel provided ineffective assistance for failing to file a motion regarding the ten-year discrepancy between the oral pronouncement of the sentence and the written sentencing order. We agree.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Lomax v. State*, 379 S.C. 93, 665 S.E.2d 164 (2008). Courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. at 2052; *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). First, the applicant must show counsel's representation was deficient, which is measured by an objective standard of reasonableness. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2052. Next, the applicant must show he was prejudiced by counsel's performance such that, but for coun-

sel's error, there is a reasonable probability the result of the proceedings would have been different. *Id.* at 693, 104 S.Ct. at 2052.

In this case, the trial judge orally pronounced a twenty-year sentence from the bench, but signed a sentencing sheet ordering a thirty-year sentence. Counsel did not make any objections or motions regarding this significant variance. Counsel's performance was deficient for failing to make a motion for clarification or a motion to conform to the oral pronouncement. Petitioner clearly was prejudiced by this mistake because an additional ten years was added onto his sentence.

Having determined counsel was deficient and Petitioner was prejudiced by that deficiency, we must determine next whether there is a reasonable probability Petitioner would not have been sentenced to an additional ten years if counsel properly had brought the discrepancy to the trial court's attention. We find this element is satisfied.

Although this Court has not previously spoken on the issue of whether an oral pronouncement of a sentence controls over a conflicting written sentencing order, the majority of jurisdictions that have considered this point hold the oral pronouncement controls. *See, e.g., U.S. v. Osborne,* 345 F.3d 281 (4th Cir.2003); *Plourde v. State,* 975 So.2d 558 (Fla.Dist.Ct.App. 2008). *But see Bradley v. State,* 109 Nev. 1090, 864 P.2d 1272 (1993) (holding an oral pronouncement is modifiable by the judge, and the sentence is only final once signed by the judge and entered by the clerk). Some of these decisions are founded on a federal or state rule of criminal procedure that requires a defendant to be present at sentencing. *See, e.g., U.S. v. Turner,* 532 F.Supp. 913, 916 n. 2 (D.Cal.1982) (finding FRCrimP 43 provides greater protection than the Constitution, and a defendant's right to be present at sentencing is based in the Rule). South Carolina does not have this rule. Other courts, however, have held that a criminal defendant has a constitutional right to be present at sentencing. *See, e.g., U.S. v. Martinez,* 250 F.3d 941, 942 (5th Cir.2001) (holding a defendant's constitutional right to be present at sentencing mandates an oral pronouncement prevail over a conflicting written sentence). In the background of most of those deci-

sions is *United States v. Gagnon,* 470 U.S. 522, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985), in which the United States Supreme Court stated that a defendant has a due process right to be present at all stages of the trial to the extent that a fair and just hearing would be thwarted by his absence.

■ We are persuaded by the reasoning of those courts, and find a trial's fairness is compromised when a trial judge increases a defendant's sentence outside his presence. Accordingly, in a situation such as the one on appeal, due process requires the judge's oral pronouncement control over a conflicting written sentencing order. Here, the trial judge announced one sentence from the bench in the presence of the defendant, but later increased that sentence in his written order. If trial counsel had made the appropriate motion regarding the sentencing discrepancy, the oral pronouncement would have controlled and Petitioner would have received the twenty-year sentence. Thus, Petitioner has demonstrated a reasonable probability the result would have been different if trial counsel had made the appropriate motion. Accordingly, we hold Petitioner has established the required elements for a claim of ineffective assistance of counsel, and the PCR judge erred in denying his petition.

■ This Court has previously held that post-conviction relief may be tailored to remedy the precise prejudice resulting from trial counsel's deficient performance. *Rolen v. State,* 384 S.C. 409, 414–15, 683 S.E.2d 471, 474 (2009) (citing *United States v. Morrison,* 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981) (recognizing that the remedy for a violation of the Sixth Amendment right to counsel "should be tailored to the injury suffered from the constitutional violation")). Because Petitioner's only argument on appeal is the error in sentencing regarding the offense of criminal sexual conduct with a minor first degree, we remand for resentencing only as to that offense. *See Dervin v. State,* 386 S.C. 164, 169, 687 S.E.2d 712, 714 (2009) (remanding for resentencing when defendant given a 25–year sentence but 10 years was the maximum allowed for the offense); *Davie v. State,* 381 S.C. 601, 616, 675 S.E.2d 416, 424 (2009) (remanding for resentencing).

### CONCLUSION

For the foregoing reasons, the PCR judge's denial of relief is reversed, and the case is remanded [1] for resentencing on the offense of criminal sexual conduct with a minor first degree.

BEATTY and HEARN, JJ., concur. KITTREDGE, J., concurring in result.

PLEICONES, J., not participating.

---

1. Judge John M. Milling has since retired. Therefore, this case will need to be reassigned to another circuit court judge for resentencing.