718 S.E.2d 753

**David Ray TANT, Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, Respondent.**

No. 4897.

Court of Appeals of South Carolina.

Heard June 7, 2011.

Decided Oct. 26, 2011.

Rehearing Denied Dec. 30, 2011.

Desa Ballard and Harvey M. Watson, III, both of West Columbia; and Douglas Jennings, Jr., of Bennettsville, for Appellant.

Christopher D. Florian, of Columbia, for Respondent.

FEW, C.J.

David Ray Tant appeals the decision of the South Carolina Department of Corrections to change its interpretation of his sentence from fifteen years to thirty years. SCDC claims it merely corrected the sentence to reflect the sentencing judge's intent. The Administrative Law Court affirmed SCDC's interpretation. We reverse.

Tant pled guilty to assault and battery of a high and aggravated nature (ABHAN), possession of a dangerous animal, and forty-one counts of owning an animal for the purpose of fighting or baiting. On November 22, 2004, the trial judge sentenced Tant. The sentencing sheets reflect a fifteen-year sentence as follows:

5829 ABHAN: 10 years

3473 Animal Fighting: 5 years consecutive to 5829

3474 Animal Fighting: 5 years consecutive to 5829

3475 Animal Fighting: 5 years consecutive to 5829

3476 Animal Fighting: 5 years consecutive to 5829

SCDC correctly interpreted the sentencing sheets and entered the sentence of fifteen years in Tant's record.

In January 2006, an SCDC employee contacted a former prosecutor with the Attorney General's office who assisted in

Tant's prosecution to inquire about the length of Tant's sentence. A staff notation stated the prosecutor returned the call on January 25, 2006 and said he "has crafted an order for [the sentencing judge] to sign indicating [inmate] to have 40 yr. sentence not 15 yr.-inmate can reduce by 10 yrs if fines are paid." On July 7, 2007, SCDC's general counsel sent an SCDC employee an e-mail stating:

Did we ever get the Order from [the] Judge [ ] clarifying this inmate's sentence? I think there is something in your notes indicating that you spoke with [the prosecutor] who was going to get this Order from [the] Judge [ ]. I need to know because I think the inmate's attorney is trying to say he should be parole eligible based upon a fifteen-year rather than a forty-year [1] sentence.

On July 8, 2007, the sentencing judge sent a letter to SCDC which stated:

I have been advised by the Probation Office in Charleston that there is some confusion about the sentences imposed on David Ray Tant on November 2, 2004, by me. It was my intent for Mr. Tant to receive a sentence of 10 years on the ABHAN charge and 5 years consecutive for *each* of the six charges of Animal Fighting for a total of 40 years. It was further my intent that upon payment of restitution, the sentence would be reduced by 10 years.

All of this was done without notice to Tant. Apparently based on this letter, SCDC reinterpreted Tant's sentence to be thirty years.

 On appeal, the ALC ruled it was improper for SCDC to rely on a letter from the sentencing judge made outside of the record and after the criminal term of court expired. On remand from the ALC, SCDC considered the sentencing sheets and the sentencing hearing transcript, which SCDC did not have until this controversy arose.

The sentencing hearing transcript reflects that the judge announced a fifteen-year sentence. He stated Tant was sentenced to ten years for ABHAN and "a term of five years

---

1. For two of the animal fighting convictions, the judge sentenced Tant to five years consecutive to the ABHAN sentence but included a stipulation that they would be null and void if Tant paid restitution, which he did in June 2009.

consecutive to" the ABHAN conviction for four of the animal fighting convictions.[2] However, counsel for the State asked the judge to repeat the sentence. The judge responded by saying the four animal fighting convictions with five-year terms "are consecutive to each other and consecutive to [the ABHAN sentence]. Is that clear?"

When SCDC reconsidered Tant's sentence on remand from the ALC, this time based on the sentencing hearing transcript, it again interpreted Tant's sentence as thirty years. Tant appealed to the ALC. The ALC correctly concluded the sentencing sheets reflected a fifteen-year sentence. However, it then found an oral sentencing pronouncement prevails over written sentencing sheets. The ALC affirmed SCDC's decision to reinterpret Tant's sentence.

■ Under ordinary circumstances, SCDC must determine the sentence imposed by the trial court from the sentencing sheets. If there is some ambiguity in the sentencing sheets, SCDC may examine the transcript of record to determine the intent of the sentencing judge. *See Major v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 384 S.C. 457, 471, 682 S.E.2d 795, 802 (2009) (Pleicones, J., dissenting) ("[O]nly if there is an ambiguity in the sentences, must the Department or the court ascertain the intent of the judge. . . ."). In this case, there is no ambiguity. Therefore, SCDC was limited to interpreting the sentencing sheets.[3] We hold the proper interpretation of Tant's sentence is fifteen years.[4]

**REVERSED.**

PIEPER and LOCKEMY, JJ., concur.

---

**2.** The judge suspended the sentences for the remaining thirty-five animal fighting convictions and possession of a dangerous animal.

**3.** There are some situations in which SCDC may look beyond unambiguous sentencing sheets. *See, e.g., Boan v. State*, 388 S.C. 272, 277, 695 S.E.2d 850, 852 (2010) (finding in a post-conviction relief case where "the trial judge announced one sentence from the bench in the presence of the defendant, but later *increased* that sentence in his written order," that "due process require[d] the judge's oral pronouncement control over a conflicting written sentencing order" (emphasis added)).

**4.** Tant raises numerous issues on appeal which all relate to why he believes SCDC misinterpreted his sentence. In light of our decision, it is unnecessary to address each of his arguments.