# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Charles Monroe Harris, Petitioner.

Appellate Case No. 2014-001236

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Oconee County
Alexander S. Macaulay, Circuit Court Judge

---

Opinion No. 27564
Heard June 3, 2015 – Filed August 19, 2015

---

### AFFIRMED

---

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Deborah R.J. Shupe,
both of Columbia, for Respondent.

---

**JUSTICE PLEICONES:** We granted certiorari to review the Court of Appeals'
decision affirming the trial court's denial of petitioner's motion for a directed
verdict on the charge of criminal solicitation of a minor. *State v. Harris*, Op. No.

2014-UP-160 (S.C. Ct. App. filed April 2, 2014).  The issue in this case is whether the State presented sufficient evidence to withstand petitioner's directed verdict motion.  We affirm.

## Facts

At trial, the State presented evidence that over the course of two days, petitioner engaged in an online chatroom session with "Amy," whom he believed to be a thirteen year-old girl.  However, Amy was an online persona created by Officer Casey Bowling of the Oconee County Sheriff's Office, a member of the Internet Crimes Against Children task force.

The transcripts of the chatroom sessions reveal petitioner asked Amy if she wanted to have sex and that petitioner arranged for a time and place for them to meet.  Officer Bowling testified that to his knowledge, petitioner never traveled to meet Amy.  He also testified that while petitioner was in custody he gave a statement to the police wherein he admitted he made a mistake in asking Amy to have sex with him, but also that he was sorry and his intentions were "just to teach her a lesson."  Officer Bowling further testified petitioner told police he thought he was communicating with a thirteen year-old girl.  Officer Bowling was the State's only witness at trial.

Petitioner's motion for a directed verdict was denied by the trial court.  Petitioner was convicted of criminal solicitation of a minor.

On appeal, petitioner argued the trial court erred in denying his motion for a directed verdict.  The Court of Appeals affirmed pursuant to Rule 220(b), SCACR.

## Issue

Did the Court of Appeals err in affirming the trial court's denial of petitioner's directed verdict motion?

## Law/Analysis

Petitioner argues the Court of Appeals erred in affirming the trial court's denial of his directed verdict motion.  Specifically, petitioner argues something more is required beyond communication with a minor to complete the crime of criminal solicitation of a minor.  We disagree.

"When reviewing a denial of a directed verdict, this Court views the evidence and all reasonable inferences in the light most favorable to the state." *State v. Weston*,

367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006). "If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the Court must find the case was properly submitted to the jury." *State v. Brandt*, 393 S.C. 526, 542, 713 S.E.2d 591, 599 (2011).

S. C. Code Ann. § 16-15-342 provides,

> A person eighteen years of age or older commits the offense of criminal solicitation of a minor if he knowingly contacts or communicates with, or attempts to contact or communicate with, a person who is under the age of eighteen, or a person reasonably believed to be under the age of eighteen, for the purpose of or with the intent of persuading, inducing, enticing, or coercing the person to engage or participate in a sexual activity as defined in Section 16-15-375(5) or a violent crime as defined in Section 16-1-60, or with the intent to perform a sexual activity in the presence of the person under the age of eighteen, or person reasonably believed to be under the age of eighteen.

S.C. Code Ann. § 16-15-342(A) (Supp. 2014).

Petitioner argues something more than communication with the minor is required to complete the offense of criminal solicitation of a minor. We hold the offense is complete when the defendant knowingly contacts or communicates with the minor, or a person he believes to be a minor, with the intent to entice her to engage in sexual activity. *See generally State v. Gaines*, 380 S.C. 23, 667 S.E.2d 728 (2008) (finding the defendant's directed verdict motion on the charge of criminal solicitation of a minor was properly denied because the State presented evidence that the defendant communicated with a person whom he believed to be a minor with the intent of enticing her to participate in sexual activity, and § 16-15-342 required nothing more). We agree with the Court of Appeals that the trial court properly denied petitioner's directed verdict motion because the State presented direct evidence that petitioner communicated with a person he believed to be a minor with the intent to entice her to engage in sexual activity. Further, petitioner's statement that he only meant to teach Amy "a lesson" created a jury question whether petitioner had the requisite intent[1] to entice Amy to engage in sexual

---

[1] During oral argument, petitioner cited *Morissette v. United States*, 342 U.S. 246

activity.

The Court of Appeals' decision is **AFFIRMED**.

**TOAL, C.J., BEATTY, HEARN, JJ., and Acting Justice Alison Renee Lee concur.**

---

(1952), and *Elonis v. United States*, __ U.S. __, 135 S.Ct. 2001, __L.Ed. __ (2015), to support his argument that § 16-15-342 is a strict liability offense that dispenses with the requirement of criminal intent.  However, § 16-15-342 has an express *mens rea* element of purpose or intent of enticing a minor to engage in sexual activity.  This requires a jury to determine beyond a reasonable doubt whether the defendant possessed the requisite criminal intent.  *See Morissette* at 274 ("Where intent of the accused is an ingredient of the crime charged, its existence is a question of fact which must be submitted to the jury.").  Accordingly, § 16-15-342 is not a strict liability offense.