**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Arthur R. Ladia, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2014-001426

———————————

Appeal From Lexington County
D. Craig Brown, Plea Judge
William P. Keesley, Post-Conviction Relief Judge

———————————

Memorandum Opinion No. 2015-MO-056
Submitted September 3, 2015 – Filed September 30, 2015

———————————

**WRIT OF CERTIORARI ISSUED**
———————————

Appellate Defender John Harrison Strom, of Columbia, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney General John Walter Whitmire, of Columbia, for Respondent.

———————————

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).

The petition is denied on petitioner's Question II. Because there is sufficient evidence to support the PCR judge's finding that petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on petitioner's Question I, dispense with further briefing, and proceed with a belated appellate review pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

After review pursuant to *Anders v. California*, 386 U.S. 738 (1967), we have found no meritorious issues preserved for appellate review. However, due to the unique circumstances of this case, we issue a common law writ of certiorari to amend petitioner's sentence for second degree burglary to two years. *Boan v. State*, 388 S.C. 272, 695 S.E.2d 850 (2010) (a defendant's due process rights are violated when effect is given to an unambiguous sentencing sheet over an unambiguous plea colloquy).

**WRIT OF CERTIORARI ISSUED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**