**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Sammy Lee Scarborough, Appellant.

Appellate Case No. 2013-002458

Appeal From Dillon County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2016-UP-074
Heard October 14, 2015 – Filed February 24, 2016

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant
Attorney General Jennifer Ellis Roberts, both of
Columbia; and Solicitor William Benjamin Rogers, Jr.,
of Bennettsville, for Respondent.

**PER CURIAM:** Sammy Lee Scarborough appeals his convictions for two counts
of first-degree criminal sexual conduct with a minor involving two minors and

three counts of dissemination of obscene material involving three minors. Scarborough argues the trial court (1) erred in consolidating the three minors' cases, (2) erred in allowing a witness—a fourth minor—to testify Scarborough previously abused him, (3) abused its discretion in not declaring a mistrial after one minor denied Scarborough abused him and another minor testified he had not seen Scarborough abuse the other minors, and (4) erred in not directing a verdict on the three charges of dissemination of obscene material. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in consolidating the three minors' cases: *State v. McGaha*, 404 S.C. 289, 293-94, 744 S.E.2d 602, 604 (Ct. App. 2013) ("[A] trial court may try separate charges together 'where they (1) arise out of a single chain of circumstances, (2) are proved by the same evidence, (3) are of the same general nature, and (4) no [substantive] right of the defendant has been prejudiced.'" (citing *State v. Harris*, 351 S.C. 643, 652, 572 S.E.2d 267, 272 (2002))); *McGaha*, 404 S.C. at 294, 744 S.E.2d at 604 ("The trial court has discretion in deciding whether to try charges together, and its decision will be reversed only if there is no evidence to support it or it is controlled by an error of law.").

2. As to whether the trial court erred in allowing a witness to testify Scarborough previously abused him: *State v. Wallace*, 384 S.C. 428, 432, 683 S.E.2d 275, 277 (2009) (stating evidence of other crimes, wrongs, or acts of a defendant "is not admissible to prove the defendant's guilt except to show motive, identity, existence of a common scheme or plan, absence of mistake or accident, or intent" (citing Rule 404(b), SCRE)); *State v. Pierce*, 326 S.C. 176, 178, 485 S.E.2d 913, 914 (1997) (stating relevant evidence of other crimes, wrongs, or acts of a defendant is only admissible if (1) the act resulted in a conviction or (2) the evidence is clear and convincing); *Wallace*, 384 S.C. at 435, 683 S.E.2d at 278-79 (stating once evidence of a defendant's other crimes, wrongs, or acts is admissible to show a common scheme or plan, "the trial court must . . . conduct the prejudice analysis required by Rule 403"); Rule 403, SCRE ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Johnson*, 413 S.C. 458, 466, 776 S.E.2d 367, 371 (2015) (stating the admission or exclusion of evidence is left to the discretion of the trial judge and "will not be reversed on appeal absent an abuse of discretion").

3. As to whether the trial court abused its discretion in not declaring a mistrial after one minor denied Scarborough abused him and another minor testified he had not seen Scarborough abuse the other minors: *State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 628 (2000) (stating the decision to grant or deny a mistrial is within the discretion of the trial court); *State v. Inman*, 395 S.C. 539, 565, 720 S.E.2d 31, 45 (2011) (stating granting a "motion for a mistrial is an extreme measure that should be taken only when the incident is so grievous the prejudicial effect can be removed in no other way"); *State v. Wilson*, 389 S.C. 579, 586, 698 S.E.2d 862, 865-66 (Ct. App. 2010) ("The determination of prejudice must be based on the entire record and the result will generally turn on the facts of each case." (citation omitted)).

4. As to whether the trial court erred in not directing a verdict on the three charges of dissemination of obscene material: *State v. Harris*, 413 S.C. 454, 457, 776 S.E.2d 365, 366 (2015) ("When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the state." (citation omitted)); *id.* ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury." (citation omitted)).

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**