MCDONALD, J.:
**110 Jermaine D. Grier appeals his conviction for possession of contraband by a county or municipal prisoner, arguing the circuit court erred in denying his motion for a directed verdict and refusing to charge the jury with section 24-3-965 of the South Carolina Code (Supp. 2018), which governs the possession of certain contraband by inmates incarcerated within the South Carolina Department of Corrections. We affirm.
Facts and Procedural History
On November 16, 2015, Officer LaQuentin Smith was preparing to transport Grier from the Lancaster County Detention Center (LCDC) to the Lancaster County Courthouse. As part of the transport process, officers instruct a detainee to place his hands through an opening in his cell door (this opening is generally used to deliver food) for *784 inspection. Officers then handcuff the detainee and ask him to turn around with his back to the door so the officers can wrap a chain around the inmate's waist and secure it.[1] Officer Smith testified that when he and two other officers instructed Grier to place his hands through the door slot for inspection, Grier pulled back his left hand and placed it inside his jumpsuit. When Officer Smith again told Grier to place his left hand through the opening, Grier complied. Officer Smith found nothing in Grier's left hand.
After officers finished securing Grier, Officer Smith notified Sergeant Matthew Kennington that he suspected Grier had concealed something in his jumpsuit and needed to be searched. With Sergeant Nicholas Tuley as his witness, Sergeant Kennington searched Grier's jumpsuit and confiscated a twisted metal piece of a pen that appeared to have been sharpened down to the tip.
In February 2016, the Lancaster County Grand Jury indicted Grier for possession of contraband by a county or municipal prisoner under section 24-7-155 of the South Carolina Code (Supp. 2018). Grier's indictment states:
**111 POSSESSION OF CONTRABAND BY COUNTY OR MUNICIPAL PRISONER
That Jermaine Demarcus Grier a prisoner of a county or municipal jail, prison, work camp or overnight lockup facility, did in Lancaster County, South Carolina, on or about November 16, 2015, unlawfully possess a quantity of matter declared by the superintendent of the facility to be contraband, to wit: a sharpened metal piece derived from a writing pen, an illegal weapon, in violation of § 24-7-155, Code of Laws of South Carolina (1976) , as amended .
Section 24-7-155 provides:
It is unlawful for a person to furnish or attempt to furnish a prisoner in any county, municipal, or multijurisdictional jail, prison camp, work camp, or overnight lockup facility with a matter declared to be contraband. It is unlawful for an inmate of a facility to possess a matter declared to be contraband. Matters considered contraband within the meaning of this section are those which are designated as contraband and published by the Department of Corrections as Regulation 33-1 of the Department of Corrections and this regulation must be displayed in a conspicuous place available and visible to visitors and inmates at the facility. The facility manager of a local detention facility, with the approval of the sheriff or chief administrative officer as appropriate, may designate additional items as contraband. Notice of the additional items must be displayed with Regulation 33-1.
Regulation 33-1 of the South Carolina Department of Corrections (2011) sets forth the following list of contraband:
a. Any item which was not issued to the prisoner officially or which cannot be purchased by him or her in the prison canteen.
b. Weapons, any and all firearms, knives of any and all descriptions, clubs, billies or any other article that may be used for offense or defense.
....
e. Keys and locks.
f. Tools of any description not approved for issue to prisoners by the Director.
**112 ....
Notice is hereby served on all prisoners and their visitors and any other person that the provisions of § 24-3-950, S.C. Code 1976 will be enforced; and all such persons are urged to observe the law and refrain from violating this section in particular.[2 ]
Grier's jury trial began on May 11, 2016. Pretrial, Grier moved to quash the indictment,[3] arguing the evidence he received *785 through discovery suggested the confiscated item found in his jumpsuit was a tool for unlocking handcuffs, not an illegal weapon as set forth in the indictment. Additionally, Grier argued section 24-3-965 of the South Carolina Code (Supp. 2018)[4] provided the appropriate charge for possession of contraband other than weapons or illegal drugs and that it vested the magistrate's court with exclusive jurisdiction.
The State responded that Grier was charged under § 24-7-155, for possession of a weapon, not under § 24-3-965. The circuit court denied Grier's motion to quash his indictment.
As its first witness, the State called Captain Larry Deason, who testified that during the booking process, all detainees receive a copy of LCDC's rules and regulations, are asked if **113 they have any questions, and are required to sign a form on an electronic tablet confirming their receipt of the rules. Captain Deason explained that he and facility director Deborah Home formulated the rules based on statutes, Department of Corrections regulations, and their previous experience relating to the safety and security of officers and inmates. Caption Deason testified that the rules and regulations are compiled in a short handbook, which includes a description of items inmates are allowed to have in their cells and a section defining contraband. Without objection, LCDC's rules and regulations were admitted into evidence. Additionally, R. 33-1, which lists contraband articles, was admitted into evidence without objection.
Sergeant Richard Plyler testified he gave Grier a copy of the rules, which Grier stated he understood before signing the form confirming his receipt. Over Grier's objection, the trial court admitted Grier's signature page into evidence.
As its next witness, the State called Officer Smith. Officer Smith explained the confiscated item "resembled ... the metal piece of the pen that you use to hang on to your pocket or something." When Officer Smith was asked if the confiscated item had any edges, he stated it "[s]eemed like it was sharpened just a little bit." On cross-examination, Officer Smith admitted he told the officer who took the report that it was possible Grier could have used the confiscated item to open his handcuffs. The following colloquy ensued on cross-examination:
Q: Did you describe the object as something he appeared to have been using or attempting to use to unlock his cuffs?
A: We explained to [Grier] that it's possible it could have been used to open his cuffs.
Q: Did you ever make any accusation or suggestions that he was using it as a weapon, or was there ever any attempt to use it as a weapon, or did you tell anybody that you perceived it as a weapon?
A: Well, it could be used as both, as a weapon or as a key the way it was made.
Q: Okay. Do you recall telling anyone that you considered it a weapon?
A: I don't recall.
**114 Sergeant Kennington, the State's final witness, testified that under LCDC's rules and regulations, the confiscated item was an item of contraband and that it could have been used "both as a weapon or something to get a cuff off."
After the State rested its case, Grier renewed his motion to quash the indictment, arguing "the testimony was that it was possible that it could be used as a weapon but there's no evidence that it was, in fact, used as a weapon or presented as a weapon." Grier maintained he should have been charged with violating § 24-3-965-rather than § 24-7-155-and tried in magistrate's *786 court instead of general sessions. The circuit court again denied Grier's motion to quash.
Grier next moved for a directed verdict, contending there was "no evidence that has been presented that there was any display of the contraband list at all." The State argued the conspicuous display was accomplished by providing each inmate with a copy of the rules and regulations. The circuit court found that the evidence demonstrating each inmate is provided with a copy of the rules and regulations during booking was sufficient to survive the directed verdict motion.
The following morning, Grier supplemented his directed verdict motion, conceding LCDC's rules and regulations were made available to Grier but asserting that the statute's use of the word "visible" required the rules and regulations to be more than simply "available." The State countered that the rules were both displayed and visible because each detainee received his own printed copy. After noting the "visible to visitors" language of § 24-7-155 was not at issue, the State argued the most conspicuous way to display the rules and regulations to a detainee was to provide him with his own physical copy. The circuit court acknowledged the "visitors" provision was not at issue and agreed with the State's argument that there was no better way to give notice than by providing detainees with a document defining contraband. Thus, the court again denied Grier's directed verdict motion. The circuit court then clarified that it would permit Grier to argue this issue-that the contraband in question was not a weapon-to the jury.
During the charge conference, Grier asked the circuit court to charge the language of § 24-3-965 (addressing the possession **115 of non-weapons by state prisoners and the magistrate's court's jurisdiction) as a lesser included offense of § 24-7-155. Specifically, he argued the jury would make a factual determination as to whether the confiscated item found on Grier was a weapon, and if the jury found it was not, the offense would necessarily fall under § 24-3-965. The State argued § 24-3-965 was not a lesser included offense, and the officers' testimony established the confiscated item was a weapon with a sharp end, encompassed within the applicable regulations. Grier responded that if the jury believed the confiscated item was a lock pick, then it was not a weapon, and § 24-3-965 should govern. The circuit court denied Grier's motion, finding § 24-3-965 is not a lesser included offense of § 24-7-155.
In his closing argument, Grier argued that even though LCDC's rules and regulations were made available, they were not visible as required by § 24-7-155. He reasoned that the statute required the rules to be visible rather than merely available because illiterate inmates who could not read their own copy would have the benefit of discussing the rules with other inmates, which would "bring[ ] a consciousness of the rules to the inmate that just hand[ing] them a piece of paper and sending them back to their cell does not give to them."
The circuit court charged the jury on the State's burden of proof, the presumption of innocence, reasonable doubt, the roles of the judge and jury, direct and circumstantial evidence, criminal intent, actual and constructive possession, credibility of witnesses, and the language of § 24-7-155. At no time during the charge did the court instruct the jury to decide whether the confiscated item was or was not a weapon. Neither Grier nor the State objected to the charge as given. Following its deliberation, the jury unanimously found Grier guilty, and the circuit court sentenced him to eight years' imprisonment, with credit for time served.
Law and Analysis
I. Directed Verdict
Grier argues the circuit court erred in refusing to direct a verdict of acquittal when the State failed to prove Regulation 33-1 was displayed in a conspicuous place available and visible to visitors and inmates in the facility, as required by statute. We disagree.
**116 "We review the denial of a directed verdict motion in a criminal case under the any evidence standard of review." State v. Cain , 419 S.C. 24, 33, 795 S.E.2d 846, 851 (2017). "If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, *787 the Court must find the case was properly submitted to the jury." Id. (quoting State v. Harris , 413 S.C. 454, 457, 776 S.E.2d 365, 366 (2015) ).
Here, Grier was indicted for possession of contraband by a county or municipal prisoner, and the contraband at issue was categorized as a weapon. Sergeant Plyler testified he provided Grier with a copy of LCDC's rules and regulations and Grier signed a form acknowledging his receipt of this document. Likewise, Grier conceded that the rules were made available to him. Although LCDC's rules and regulations define "contraband" as "any item not permitted in the jail or any item used in a way for which it was not originally intended as well as too much of an item an inmate is allowed," they neither include the specific list of items detailed in R. 33-1, nor do they list any additional items. While the record demonstrates R. 33-1 is displayed at LCDC for visitors, the record is devoid of evidence that R. 33-1 is "displayed" for inmates as section 24-7-155 requires. Further, although Captain Deason's testimony provided evidence suggesting the substance of R. 33-1 was encompassed within the handbook provided to inmates at intake, the record contains no evidence that Grier was actually provided with a copy of R. 33-1. Accordingly, we find LCDC's failure to conspicuously display (or specifically provide) R. 33-1 to detainees at the facility violates the requirements of § 24-7-155.
Nevertheless, under our "any evidence" standard of review, we find this case was properly submitted to the jury because the record contains direct evidence that Grier unlawfully possessed contraband-specifically, a twisted metal piece of a pen sharpened down to the tip, and that he knew it was contraband. See Cain , 419 S.C. at 33, 795 S.E.2d at 851 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the Court must find the case was properly submitted to the jury." (quoting Harris , 413 S.C. at 457, 776 S.E.2d at 366 )). The State presented testimony that the confiscated item could **117 be used as both a weapon and a lock pick. Further, the confiscated item is not included in the list of allowable items set forth in section five of LCDC's rules and regulations. Finally, the definition of contraband contained in section thirteen of LCDC's rules and regulations includes "any item not permitted in the jail" or "any item used in a way for which it was not originally intended," both of which are applicable here. As evidence existed to support the State's position that the sharpened pen tip was contraband-and that Grier had notice it was contraband-the circuit court properly allowed the case to go to the jury.
II. Jury Charge
Grier argues the circuit court erred in refusing to instruct the jury on section 24-3-965, and in allowing the jury to determine whether the confiscated item in question was a weapon in order to allow enhanced sentencing. We disagree.
"[T]he trial court is required to charge only the current and correct law of South Carolina." State v. Marin , 415 S.C. 475, 482, 783 S.E.2d 808, 812 (2016) (alteration in original) (quoting State v. Brandt , 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011) ). "The law to be charged must be determined from the evidence presented at trial." Id. (quoting Brandt , 393 S.C. at 549, 713 S.E.2d at 603 ). "An appellate court will not reverse the trial judge's decision regarding a jury charge absent an abuse of discretion." Id. (quoting State v. Mattison , 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ). "Moreover, '[t]o warrant reversal, a trial judge's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant.' " Id. (alteration in original) (quoting Brandt , 393 S.C. at 550, 713 S.E.2d at 603 ).
Prior to trial, Grier moved to quash his indictment, arguing the confiscated item secreted in his jumpsuit was neither a weapon nor an illegal drug. Thus, Grier argued, the appropriate charge would be for the possession of non-weapons contraband under section 24-3-965, which states in pertinent part:
*788 [T]he possession of contraband, other than weapons or illegal drugs, by an inmate under the jurisdiction of the Department of Corrections or to an inmate in a county jail ... must be tried exclusively in magistrates court. Matters **118 considered contraband within the meaning of this section are those which are designated as contraband by the Director of the Department of Corrections or by the local facility manager.
During the charge conference, Grier requested that the circuit court charge the jury with § 24-3-965 as a lesser included offense of § 24-7-155. Grier further asked the court to allow the jury to determine whether the confiscated item was a weapon. If the jury determined the confiscated item was contraband but not a weapon, the magistrate's court would have exclusive jurisdiction. The circuit court declined to charge § 24-3-965 as a lesser included offense of § 24-7-155.
On appeal, Grier concedes § 24-3-965 is not a lesser included offense of § 24-7-155. Nevertheless, he argues the circuit court erred in not submitting a special verdict form instructing the jury to determine whether the contraband was, in fact, a weapon. However, Grier neither requested a special verdict form, nor raised an objection following the court's charge; thus, this argument is not preserved for our review. See State v. Dunbar , 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal."); Staubes v. City of Folly Beach , 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").
Grier also attempts to now raise an argument under Apprendi v. New Jersey , 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Dervin v. State , 386 S.C. 164, 687 S.E.2d 712 (2009), that he did not raise to the circuit court. Grier argues the statutory maximum the court may impose must be based solely on the facts reflected in the jury verdict or admitted by the defendant. He claims the circuit court improperly sentenced him because it used the statutory range from § 24-7-155, under which he was indicted, rather than that of § 24-3-965. We find this argument is not preserved for appellate review. See Dunbar , 356 S.C. at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal."); Staubes , 339 S.C. at 412, 529 S.E.2d at 546 ("It is well-settled that an issue cannot be raised **119 for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").
Grier was indicted for possession of contraband by a county or municipal prisoner under § 24-7-155. There is direct evidence that Grier unlawfully possessed a twisted metal piece of a pen that appeared to have been sharpened to a pointed tip. The State presented testimony that the confiscated item could be used as either a weapon or as a lock pick. The confiscated item was not included in LCDC's list of allowable items, and LCDC's definition of contraband includes "any item not permitted in the jail" or "any item used in a way for which it was not originally intended." Both of these categories apply here, and Grier had notice that the confiscated item was prohibited as contraband.
Conclusion
Based on the foregoing, Grier's conviction is
AFFIRMED.[5]
KONDUROS and HILL, JJ., concur.

This is most commonly referred to as a "belly chain."

See S.C. Code Ann. § 24-3-950 (2018) ("It shall also be unlawful for any prisoner under the jurisdiction of the Department of Corrections to possess any matter declared to be contraband. ... Any person violating the provisions of this section shall be deemed guilty of a felony and, upon conviction, shall be punished by a fine of not less than one thousand dollars nor more than ten thousand dollars or imprisonment for not less than one year nor more than ten years, or both.").

Although Grier did not use the language "motion to quash," the circuit court characterized Grier's motion as such.

See S.C. Code Ann. 24-3-965 ("Notwithstanding the provisions of Sections 22-3-540, 22-3-545, 22-3-550, 24-3-950, and 24-7-155, the offenses of furnishing contraband, other than weapons or illegal drugs, to an inmate under the jurisdiction of the Department of Corrections or to an inmate in a county jail, ... and the possession of contraband, other than weapons or illegal drugs, by an inmate under the jurisdiction of the Department of Corrections or by an inmate in a county jail, municipal jail, regional detention facility, prison camp, work camp, or overnight lockup facility must be tried exclusively in magistrates court. Matters considered contraband within the meaning of this section are those which are designated as contraband by the Director of the Department of Corrections or by the local facility manager.").

We decided this case without oral argument pursuant to Rule 215, SCACR.